WALKER v. FOXCROFT, Sheriff, &c.

In this State a deputy sheriff acquires a special property to himself in goods by him attached, which the sheriff can neither divest nor control; his character essentially differing from that of a sheriff's servant or deputy in *England*.

If one deputy sheriff attach goods, and another deputy of the same sheriff attach and take the same goods out of his possession by virtue of another precept against the same debtor, the deputy who made the first attachment may have trespass *vi et armis* for this injury, against the sheriff himself.

Trespass, for taking a horse from the plaintiff. The plaintiff, being a deputy of the defendant, who is sheriff of the county, in the execution of his official duty attached the horse by virtue of an original writ in his hands against the owner of the horse, and delivered him to a third person for safe keeping, taking an obligation from the bailee to see him forthcoming; and made due return of the precept with his doings thereon.

Afterwards, and while this attachment was in force, *another* deputy of the defendant, having an *execution against the same* debtor, seised the horse while in custody of the plaintiff's bailee, and sold him in part satisfaction of the execution, though forbidden so to do by the bailee, both at the time of the taking and at the sale.

Upon this evidence, the Judge who tried the cause in the Court below, ordered the plaintiff to be nonsuited, to which he filed exceptions.

*Fitch*, for the plaintiff, observed that the nonsuit in the Court below was probably ordered on the ground that the sheriff and his deputy were to be regarded in law as one person. But he maintained—1. that the sheriff and his deputy were in this country distinct officers, the latter not being under the control of the former, in the execution of his duty, though liable on his bond, for damage occasioned to the sheriff by his malfeasance or neglect:—2. that if this be not so, yet the deputies of the sheriff, as to each other, are distinct and independent officers, for whose doings the sheriff is responsible to the party injured.

Walker v. Foxcroft.

To the first point he argued,—that the deputy is liable and may be sued for his own doings—*Walker v. Haskell*, 11 *Mass.* 177. *Nye v. Smith*, 11 *Mass.* 188. *Draper v. Arnold*, 12 *Mass.* 449. 1 *Chitty on Plead.* 72, 73, 47, 48 ;—that he may maintain a suit for disturbance of his rights—*Gibbs v. Chase*, 10 *Mass.* 125. *Baldwin v. Jackson*, 12 *Mass.* 131. *Train v. Wellington*, 12 *Mass.* 495—and that these cases are grounded on the principle that by the attachment of goods he acquires a special property to himself ;—that he is recognized as a separate officer by various statutes, which require him to be sworn—to serve precepts—to pay over money collected, under penalty of thirty *per cent.*—to return *talesmen*—to collect taxes—to serve precepts after the death or removal of the sheriff, and even precepts in his hands at the time of his own removal ; &c. —and that the sheriff ought not to control his actions, or interfere in the discharge of his duty, since he is liable personally both to creditor and debtor, against whom the sheriff cannot protect him.

To the second point he cited *Denny v. Warren*, 16 *Mass.* 420. *Thompson v. Marsh*, 14 *Mass.* 269. *Gordon v. Jenney*, 16 *Mass.* 469. *Vinton v. Bradford*, 13 *Mass.* 114. *Bac. Abr. Sheriff*, *H.* 1.

*Longfellow* and *Kinsman*, on the other side, contended for the doctrine that the sheriff and his deputy were one person ; and that whatever possession the deputy had, in fact, of goods attached, was in law to be treated as the possession of the sheriff. They argued from adjudged cases that if goods be attached by a deputy, and a second precept against the same debtor be delivered to the sheriff himself, this delivery renders the sheriff liable as for a second attachment; which could not be, unless the goods were constructively in his possession. The present contest being originally between two servants of the same sheriff, he alone is the person to adjust it. The act of each of them was his own act; so that in legal contemplation the sheriff has merely applied the goods to satisfy a second attachment, thus rendering himself liable for the first; which was still in force. And if, by thus doing, he exposes the deputy who made the first attachment, the latter doubtless is not without remedy ; but it cannot be sought by an action of *tres-*

*pass*, there being no violation of the possession which was always that of the sheriff alone. *Watson v. Todd,* 5 *Mass.* 271. *Perley v. Foster,* 9 *Mass.* 112.

MELLEN C. J. delivered the opinion of the Court, at the ensuing *August* term in *Oxford,* as follows.

No case, in all respects similar to the present, has been cited on either side; yet we think that the principles which are established in some of those which have been cited, lead to an easy and satisfactory decision of the case at bar. Though the action is against the sheriff, the exceptions show that it was commenced to recover damages for an alleged wrong of *Swett,* one of his *deputies.*

In this state, a deputy sheriff is an officer under oath, having rights and being subject to liabilities, not only to the sheriff, but to third persons who may have employed him in his official capacity. His character essentially differs from that of a sheriff's servant or deputy in England. In this particular, therefore, English decisions are not applicable; nor can the course of proceeding which may be proper there, in the adjustment of disputes among the inferior officers of the sheriff, be a rule in the settlement of questions as to attachments, and their priority, made by deputy sheriffs under our laws, and according to our usages. The decisions of the Supreme Judicial Court of *Massachusetts,* at the time this State was a part of that Commonwealth, furnish us with valuable commentaries upon our laws, and seem to have established the principles by which this cause must be decided.

By our law, if a *deputy sheriff* has been guilty of misconduct in his office, by neglecting his duty, or violating the rights of a debtor or creditor, the injured party may, *at his election,* bring his action *directly* against the deputy, or against the sheriff; and may, in the *latter* case, charge the wrong *generally,* as committed by the sheriff, and on trial prove it to have been committed by the deputy, for whose act he is answerable;—or he may, in his action against the sheriff, declare *specially,* alleging the wrong to have been committed by the deputy. The cases cited by the defendant's counsel, from 11 and 12 *Mass.* and also *Campbell v. Phillips,* 17 *Mass.* 244, clearly establish this point.

Walker v. Foxcroft.

Being therefore liable *himself*, the law furnishes him with a remedy against those who violate his rights, by taking away or injuring property in his custody, or under his control, and for which he stands officially responsible. This is shewn by six or seven cases also cited by the plaintiff's counsel. The case of *Gibbs v. Chase* and *Baldwin v. Jackson*, were actions of *replevin*, and *Train v. Willington* was *trespass*. Each action was by a deputy sheriff against a coroner. The actions *Thompson v. Marsh* and *Denny v. Warren* were both *trover ;* and *Gordon v. Jenney* was *replevin*. Each action was by *one deputy sheriff* against *another*. The case beforementioned, of *Thompson v. Marsh*, is in all respects exactly like the one before us, except that the *present* action is against the *sheriff* for the *deputy's neglect*, instead of being against the *deputy himself* for *his own* neglect or wrong ; and except also that, in the case mentioned, the action was *trover*, and in the case at bar the action is *trespass vi et armis*.

If the difference, in *neither* of the foregoing particulars, is material, the plaintiff's exception must be sustained. By law the sheriff is answerable for the *official acts* of his deputies, and if the wrong complained of had been committed by the deputy *Swett*, against any person, except *another deputy* of the defendant, it is not contended that the action would not be maintainable. It appears that *Walker* made the first attachment. *Walker* was then *entitled and bound* to hold the property safely ; no *other* deputy could afterwards attach it, because he could have no right to the possession of it. Another creditor, by placing his writ in the hands of the deputy who made the *first* attachment, might have caused it to be attached by him, subject to the *first* attachment ; and *perhaps* if such second writ were placed in the hands of the *sheriff himself*, the goods might be considered as attached by him, subject to the prior attachment made by his deputy. Be this as it may, no act of the sheriff, or any other deputy, can defeat or impair the rights of the first attaching deputy. In the present action, the sheriff is not sued for *his own* act, but the act of *one of his deputies*, for which, *if wrongful*, he is by law liable to the injured party, and the deputy is liable over to him.

Walker *v.* Foxcroft.

But it is contended that according to the cases. of *Watson v. Todd,* 5 *Mass.* 271. and *Perley v. Foster,* 9 *Mass.* 112. the sheriff's deputies are to be considered but as one officer; that the possession of the deputy is the possession of the sheriff; and that therefore it is against all principle to maintain the present action, and allow a servant to call his master to account for his alleged misconduct. These cases have been reviewed in *Thompson v. Marsh,* and *Gordon v. Jenney.* The language of *Parsons C. J.* has been restricted, to a certain degree, and though true in a limited sense, the Court, speaking of a sheriff's deputies, say in *Gordon v. Jenney*—" although servants of the " same master, they act *independently of each other,* and the one " who *first* makes an attachment, acquires a special property, " which entitles *him* to an action against *any person* who inter- " feres with his possession." The act of *Swett* being, therefore, a wrongful violation of the rights of *Walker* the plaintiff, and the sheriff, the defendant, being answerable for *Swett's* wrongful acts, and in this action being sued in the capacity of *Swett's* principal, for *his* misfeasance, we are of opinion that the plaintiff is entitled to recover, unless the objection to the *form of action* be a substantial one; otherwise the plaintiff would be without remedy, in case *Swett* were insolvent or deceased. The reason assigned why trespass *vi et armis* will not lie, is, that the possession of the plaintiff is the possession of the sheriff; and that *both* being in possession, trespass will not lie by one against the other. This seems to be an objection more *technical* than *true* in fact, and more refined than solid. Neither the *special property,* nor the *possession* of the plaintiff is *joint* or in *common* with the sheriff, or *Swett;* and if it were, *that* circumstance would furnish an objection as fatal to an action of trover, as to an action of trespass. 1 *Chitty's Plead.* 66, 155. And yet numerous cases of trover and replevin have been sustained in similar circumstances. On review of all the cases we have found upon this subject, we do not perceive any well-grounded objection to the present action; and we are of opinion that the exception was well taken by the plaintiff's counsel. Accordingly the nonsuit is set aside, and there must be a trial at the bar of this Court.