### BENJAMIN R. JOHNSON *vs.* JOSEPH EDSON.

*Dicta.*—A sheriff is answerable *civiliter* for all acts done by his deputy under colour of his office, and may be sued therefor in trover or trespass, or any other form of action suited to the nature of the case.

Where personal chattels are attached on an original writ, the general property therein remains in the defendant; but the sheriff acquires a special property in the chattels, defeasable by the plaintiff's failing in his action, or neglecting to sue out execution within thirty days after judgment.

If final judgment be rendered for the defendant in such case, the attachment is *ipso facto* dissolved, the special property of the sheriff ceases, and with it all lien upon the chattels, whether for the expense of keeping or otherwise.

*Held*—That where a sheriff's deputy attached personal chattels on an original writ, and bailed them to a receipt-man, who converted them to his own use, the defendant in that action after final judgment in his favour, might maintain an action of trover and conversion against the sheriff, and that without any previous demand of the chattels.

ONE *Brooks*, having sued out an attachment against the present plaintiff, put his writ into the hands of a deputy of the defendant, (the latter being sheriff of the county of Orange,) who served the same by attaching *Johnson's* horse, saddle and bridle. These articles were receipted to the deputy, by one *Waterman*,

*Orange,*
*February,*
*1827.*

Johnson
*vs.*
Edson.

who sold them. *Johnson,* having obtained a final judgment against *Brooks* in that action, demanded the articles so attached, of the deputy. They were not returned to him; and he thereupon commenced the present action of trover against the sheriff, to recover their value. On the day of the service of his writ he also demanded the property of the sheriff.

On the trial of the issue in the county court, the plaintiff offered testimony tending to prove the facts above stated, which was excepted to by the defendant, but the exception was overruled by the court, and the testimony admitted. After the plaintiff's testimony was closed, the defendant moved the court that the plaintiff become non-suit. This motion was also overruled, and verdict and judgment were rendered for the plaintiff. To this decision of the court the defendant likewise excepted; and having filed his exceptions, the same were allowed and certified to this court by the judges of the county court.

And now the cause came before this court, on a motion by the defendant, that the judgment of the county court be reversed, and for a new trial, founded on the exceptions aforesaid.

*Collamer,* for the defendant, in support of the motion, insisted,

1st. That the using of property by the sheriff, attached, does not make him a trespasser *ab initio,* and is therefore no conversion.

2d. That a demand on the sheriff, for property in custody of his deputy, the same day of suit, is not a reasonable demand, and therefore no evidence of conversion.

3d. That goods attached are to be kept at the expense of the owner, in execution, and by parity of reasoning, on *mesne* process; and if at his expense, then a lien, and no action can be maintained, until expenses tendered; and a sale might be made by the sheriff for the keeping. And it can make no difference how the suit terminated.

4th. That for a conversion by the *deputy,* the action against the sheriff should be case, and not trover.

*Buck* and *Short,* for the plaintiff. We contend,

1st. That the defendant is responsible to the plaintiff for the property thus taken; and

2d. That trover is the appropriate remedy.

1. Goods attached upon mesne process are in the legal possession of the sheriff, and he is accountable for them as well to the supposed debtor as to the creditor; and the general property in the goods remains unchanged in the debtor, until a levy and sale by executi n.---7 *Mass.* 505, *Blake* vs. *Shaw.*---11 *Mass.* 211, *Whittin* vs. *Smith et. al.*

The possession of the deputy, by virtue of an attachment, is the possession of the sheriff.---5 *Mass.* 274, *Weston et. al.* vs. *Todd et. al.*

The sheriff is liable, civilly, for all acts and defaults of his deputies done by colour of their office.----*Comp. Stat. p.* 200.----1 *Chitty's Pleading,* 69.---2 *Black. Rep.* 832, *Sanderson* vs. *Baker*

*et. al.*----2 *Term Rep.* 148, *Woodgate* vs. *Knatchbull.*----1 *Mass.* 530, *Grinnel* vs. *Phillips.*

Orange,
February,
1827.

Johnson
*vs.*
Edson.

The receipt-man, or person to whom property attached upon mesne process is delivered for safe keeping, is the mere servant of the sheriff, and responsible to him for his fidelity.----9 *Mass.* 104, *Ludden* vs. *Leavitt.*---*Ibid.* 265, *Warren* vs. *Leland.*

2. Ordinarily, trover is the proper action in any case where one person has goods in his hands, the possession and ownership of which belong to another, and which are not restored upon demand.----And it is believed there is nothing in the present case to vary it from the common rule. It has already been seen that the sheriff has the possession of goods attached upon mesne process, and must hold them during the pendency of the process, for the benefit of the debtor as well as for the creditor; and the possession of the deputy is identified with that of the sheriff.

If the party whose goods are attached recovers, he is entitled to an immediate restoration of his property----certainly upon demand.

And it is insisted, that a demand of the deputy who made the attachment is a sufficient demand of the sheriff.

This necessarily results from the nature of that relation which subsists between the sheriff and his deputies. In the case of *Sanderson* vs. *Baker & others*, the court say that the sheriff and all his substitutes make but one officer.----And the same doctrine is recognized by the courts in Massachusetts, as appears by the cases already cited, and our own statute is positive and express upon this subject.

The law seems to be settled, that a demand of an agent or servant, in many cases, is a sufficient demand of the principal or master, to maintain trover.---*Paley on Agency*, 231.

But had there been no demand in the present case, the action is well sustained, in as much as there was an actual conversion of the goods by *Waterman*, and this after the termination of the suit of *Brooks* vs. *Johnson.*

It will not be denied that trover is a concurrent remedy with trespass for most, if not all illegal takings.

In the cases of *Sanderson* vs. *Baker & others*, and *Grinnel vs. Phillips*, before cited, the doctrine is established, that trespass *vi et armis* will lie against a sheriff for the act of his deputy, in taking the goods of a wrong person upon a *scire facias.*

Can there be a doubt whether trover would lie in a similar case?

It is also settled by the same authorities, as also in the case of *Woodgate* vs. *Knatchbull*, that false imprisonment and an action for extortion may be maintained against the sheriff for the malfeasance of his deputy.

We think, therefore, that trover is sustainable in the present case, and that the evidence was properly admitted by the court.

Orange,
February,
1827.

Johnson
vs.
Edson.

The opinion of the Court was pronounced by

PRENTISS, J.    It is a principle which has been long recogniz-
ed, and is well settled, that the sheriff is answerable *civiliter* for
all acts of his deputy, done under colour of his office. (*Ack-
worth* vs. *Kempe, Doug.* 48.----*Woodgate* vs. *Knatchbull,* 2 *T. Rep.*
148.----*Sturmy* vs. *Smith,* 11 *East.* 25.----*Stamvay* vs. *Perry,* 1 *Bos.
& Pul.* 157.)    The act of the deputy is considered, in law, to
be the act of 'the sheriff himself, and the sheriff may be sued
for it, in trover or trespass, or in any other form of action suit-
ed to the nature of the case.    There is no doubt, therefore,
that the present action, if a sufficient cause of action was made
out, would well lie against the defendant.

When personal chattels are attached on an original writ, to
secure the judgment which the plaintiff may recover, the sher-
iff acquires a special property in the chattels, defeasible by the
plaintiff's failing in his action, or by his not suing out and levy-
ing his execution within thirty days after the judgment.    The
general property remains in the defendant, and if judgment be
rendered for him in the suit, the attachment is *ipso facto* dissolv-
ed, the special property acquired by the sheriff ceases, and if he
detains the chattels after demand is made, he is answerable
in an action of trover. (*Clapp* vs. *Bell,* 4 *Mass.* 99.)    Judgment
having been rendered in favour of the present plaintiff, in the
suit in which the horse in question was attached, the attach-
ment was consequently discharged, and with it all lien upon
the horse arising out of it, whether for the expense of keeping
or otherwise.    After the judgment, the plaintiff demanded a
return of the horse.    The demand to which we allude, was
not made on the defendant himself, but on his deputy, who at-
tached and took the horse from the plaintiff.    This demand, if
the case required a demand, we think would be sufficient, and
make the detention wrongful.    But it appeared that the per-
son to whom the deputy had delivered the horse for safe keep-
ing, had in fact sold and converted him.    The conversion by
the bailee and keeper of the deputy, was the same as a conver-
sion by the deputy himself, for which the defendant, as sheriff,
was undoubtedly answerable.    This, therefore, dispensed with
the necessity of any demand, and was alone sufficient to sustain
the action.

Judgment for the plaintiff affirmed.

*Simeon Short* and *D. A. A. Buck,* for the plaintiff.

*Jacob Collamer,* for the defendant.