Parker C. J.
delivered the opinion of the Court. The validity of the assignment of the goods which had been taken by the officer, over which Smith, the prosecutor, was placed' as keeper, being admitted, and the assignees being in actual possession, having a servant in the shop, with the care of the goods, when the officer entered, this becomes a common case of an attachment of the goods of A on a writ against B ; so that the officer, in making such an attachment, would undoubtedly be a trespasser.
The question then is reduced to this ; whether the owner of goods which are in his actual possession, may not lawfully defend his possession of them against a seizure or an attachment by an officer, who comes to take them on a precept against another person, who has no right or interest i- the goods.
Certainly the officer in such case would be a trespasser, for he does not act under any precept against such owners, nor is he commanded to take their goods. Actions of trespass against officers thus transgressing are among the most common actions in our courts, and they depend upon the same principle as actions of assault and battery, or false imprisonment, by one who is arrested on a writ or warrant against another person. In such case there is no authority for the arrest, and the person making it, whether by mistake or design, is a mere trespasser. And the same facts which would sustain an action of trespass by the person arrested, will justify any resistance which may be necessary to defend his personal liberty, short of injurious violence to the officer.
We cannot distinguish between an officer who assumes to act under a void precept, and a stranger who should do the same act without any precept; for a command to arrest the person or seize the goods of B, is no authority against the person or goods of A. And an officer without a precept is no officer in the particular case in which he so undertakes to act. The officer must judge at his peril in regard to the person against whom he is commanded to act. This is said to be hard, but it is a hardship resulting from the voluntary assumption of a hazardous office, and considering that in all cases of doubt the officer may require indemnity before he executes his *141 precept, the hardship is imaginary. Marshall v. Hosmer, 4 Mass. R. 63 ; Bond v. Ward, 7 Mass. R. 123.
It is said that the owner of goods seized or attached on a precept against another, has legal remedies by action of replevin, trover, or trespass, and therefore ought not to be allowed to protect his goods with a strong hand, for this power may be abused so as to cover the property of the debtor, and so the creditor may be disabled from obtaining satisfaction. Such a mischief may happen ; but it is not a fair argument against the existence of a right, that it may be abused. If the right did not exist, great abuses might come from the power in officers to take any person’s property upon suspicion or suggestion that it belongs to the debtor, and the owner might be driven to a replevin, in which he must give bond with surety, or to his action for damages, in which the expense may consume the value of the property.
But it is again said, that the rule sought to be established by the defence, will deprive creditors of the power of trying the question of property, in cases where there may be grounds to believe that it is covered by the person in possession claiming to be the owner. But the creditor is not without a legal remedy. He may have an action on the case for interrupting unlawfully his attachment. The officer may have an action of trespass, if the goods are taken out of his possession. And the trustee process will compel the possessor to make full disclosure of his right to hold. And besides all this the party is liable to indictment, and if he fails in making out his right strictly, will incur a severe penalty.
It will be recollected, that this is a criminal prosecution against persons who were in actual possession of the goods, being the acknowledged owners, or their servants to whose care they were committed ; that they did nothing more than defend, with no more than necessary force, their possession. This decision, therefore, will form no precedent for cases which may be differently circumstanced. Money v. Leach, 1 W. Bl. 555; Ackworth v. Kemp, 1 Doug. 40; Sanderson v. Baker, 2 W. Bl. 832.
We have had no authorities cited on the part of the Commonwealth, which have any tendency to show that the owner *142 and possessor of goods may not defend them against an officer who comes to seize them as another person’s. That a man may defend bis person, his lands, or goods, against the intrusion or invasion of those who have no lawful authority over them, would seem entirely unquestionable. If the officer believes the possession is only colorable, and the claim of property fraudulent, if backed by the creditor’s orders, or secured by bond of indemnity, he will take care to be so attended as to be protected against insult in the execution of his precept. There are cases which show that if an officer, having a precept against a person privileged from arrest, shall arrest him, he will not be a trespasser. But in such case he is command ed to arrest the particular person, and is supposed to know nothing of the privilege ; the party therefore shall be held to apply for his discharge to the court having jurisdiction of the matter.