## ALMIRA HALL vs. ABEL TOMLINSON.

Where a Sheriff makes an irregular levy of an execution on real estate in consequence of which no title passes to the creditor, *held* that on his failure to make a proper levy, an action may be immediately commenced against him —that the cause of action is then complete, and that the statute of limitation on the action would commence running from that time. Therefore, when a creditor went into possession under a void levy and was evicted by the judgement debtor more than six years after the same, the statute of limitation commenced running on the action against the Sheriff from the time of the levy and not from the time of the eviction.

This was Trespass on the case against an officer, for insufficient and illegal service and return of an execution. Plea not guilty within six years before the commencent of the action, on which issue was joined to the jury in the County Court.

To support the issue on her part the plaintiff gave in evidence the record of the judg't in her favor against Elias Hall, and the levy of an execution issued thereon on lands, made by the deputy of the defendant ; also, the record of a suit in ejectment in favor of said Elias Hall against the plaintiff, for said lands. It was admitted that soon after the six months had expired the plaintiff took possession under the levy, without suit or opposition, and continued in undisturbed possession until said Elias commenced his suit aforesaid and it was further admitted that said Elias recorded in said ejectment on the ground that the levy was defective and void.

It was contended by the plaintiff, and the Court were requested to charge the jury, that if the plaintiff had no reason to expect that the levy would be contested until six

years, of the commencement of this action, she was not barred; and also that she had an accruing cause of action from the time of the levy until the final recovery of the land by said Elias.

CHITTENDEN,
January,
1833.

Hall
vs.
Tomlinson.

But the Court instructed the jury that the plaintiff was barred, and there was accordingly a verdict and judgement for the defendant.

To the charge aforesaid, plaintiff excepted, upon which the case comes here for revision.

*Counsel for the plaintiff.*—Plaintiff contends that the plea of the statute of limitation does not apply to this case. The cause of action was not complete till the judgement of the Supreme Court, vacating the levy.

The execution was satisfied on the face of it. Plaintiff was put in possession of the property, which constituted the satisfaction of the debt, and continued in possession till dispossessd by the judgement of the Supreme Court.

The damages recovered in the ejectment suit, were accruing up to the time of commencing that suit.

The act done was founded on a record, to which the Statute was not pleadable.

Statute does not begin to run till the cause of action is complete. D. Chip. R. 353, *Baxter* vs. *Tucker* ; 4. Esp. R. 18, *Compton* vs. *Chandess ;* Bal. on Lim. 92, 96, 100.

*Counsel for defendant.*—The only question in this case is whether the statute of limitations runs while the controversy was pending relative to the title of the land set off.

The levy was void on the face of it, having been made after the execution expired. The cause of action therefore arose immediately upon the execution expiring and the statute of limitation began to run at the time.

The pretence that the plaintiff was not aware of the defect in her title until the decision of the ejectment is unavailable. That point has been too often decided to require decision. Vide *Balley* vs. *Faulkner,* 3 Bar. & A. 288; *Short* vs. *McCarty,* Do. 626 ; *Brown* vs. *Howard,* 2 Bro. & Bing, 73 ; *Whitehead* vs. *Howard,* Do. 373 ; *Bree* vs. *Holback,* Douglas, 630 ; *Read* vs. *Markle,* 3 Johns. 523.

ADDISON,
January,.
1833.

Hall
vs.
Tomlinson.

The opinion of the Court was delivered by

WILLIAMS, J.—It is not set forth in the case what was the irregularity in the service and return made by the defendant on the execution therein mentioned, which occasioned this suit. It is agreed however, that the return was dated the day after the execution expired, that on the trial of an action of ejectment brought by Elias Hall the debtor in the execution, against the present plaintiff, the levy was adjudged to be void, and in consequence thereof a recovery was had against her in that action.

To determine when the statute of limitation commenced running on the plaintiff's cause of action, it is only necessary to determine when she could have commenced this suit. The counsel for the plaintiff consider that her cause of action did not accrue, or was not complete until the recovery had against her, in the action of ejectment. This however is incorrect; the defendant neglected his duty when he failed to make a sufficient levy and return on the execution, at that time the cause of action was complete against him. The insufficiency of the levy to pass any title to the plaintiff, and the illegality of the defendant's proceedings, were then as apparent as they now are. She was under no necessity of waiting until the validity of the levy was tried in the action of ejectment, but might commence her suit immediately against the defendant and in that suit have a determination, whether any title passed to her by the levy which the defendant attempted to make. If she preferred to remain in possession and take the chance that the defect might not be discovered until her title was perfected by length of time, she must abide the consequences if the defendant is protected by the statute of limitations. Inasmuch as the neglect of duty in the defendant for which this action is brought occurred more than six years before the commencement of this suit, (the levy having been made or attempted April 1823,) the statute of limitations is a bar to the plaintff's action, and the instructions of the Court to the jury were correct. The case of *Young* vs. *Dickinson*, decided in this County in April, 1823; the case of *Read* vs. *Markle*, 3 John. 523; *Whitehead* vs. *Howard*, 2 Bro. & Bing, 373; *Balley et al* vs. *Faulkner et al*, 3 Barn. & Ald. 288; *Short* vs. *M'Carthy*, Do. 626.

ADDISON,
January,
1833.

*Rice et al* vs. *Hosmer*, 12 Mass. 127 : *Miller* vs. *Adams*, 16 Do. 456 ; fully established the law as laid down in this case by the County Court.

Hall
vs.
Tomlinson.

The judgement of the County Court must therefore be affirmed.

*Doolittle*, for plaintiff.

*Phelps & Bell*, for defendant.