## CHARLES HARRINGTON vs. PETER FULLER.

The sheriff is responsible for all official neglect or misconduct of his deputy; and also for his acts not required by law, where he assumes to act under color of his office. But he is not responsible for the neglect of any act or duty, which the law does not require the deputy officially to perform.

Where the deputy takes the goods of one person on a writ against another, and afterwards sells them by the consent of the parties to that suit, the sheriff is liable while the property in the goods, or money received from the sale of them, remains unchanged.

But if the owner of the goods brings trespass against the deputy for taking them, and recovers judgment, and takes out execution, the property is changed, and it becomes a part of the estate of the deputy, and the sheriff is no longer responsible.

As this transfer of the right of property to the deputy is the legal consequence of the act of the plaintiff, it is not held by the deputy as a new fund in his official capacity; the debt due for it becomes the private debt of the deputy by the plaintiff's own election; and the sheriff ceases to be responsible for any after act or neglect of the deputy.

Where more than four years have elapsed after a cause of action has accrued against a sheriff for the misfeasance of his deputy, the operation of the statute of limitations is not prevented by a judgment in favor of the party aggrieved against the deputy, rendered within the four years.

THIS was an action of the case against the defendant, as late sheriff of the county, for the default of *Elkanah Spear, Jr.*, a deputy; and came before the Court on a statement of facts.

The writ was dated *April* 1, 1840. On *Jan.* 12, 1836, *Spear*, then a deputy of the defendant, attached certain goods as the property of one *Hatch*, the same being then in his possession, and on *March* 22d, 1836, sold the same on the writ, as the property of *Hatch*, conformably, as he supposed, to the provisions of *stat.* 1831, c. 508, for the sum of $989,43. The plaintiff claimed the goods as his property, and on *April* 11, 1836, commenced an action of trespass against *Spear* for taking them, and at the *August* Term of the C. C. Pleas, 1838, recovered judgment against him, for that cause, for the sum of $1338,62, debt, and $192,38 costs. In *Sept.* 1838, *Spear* paid on an execution issued on that judgment $530, and the residue of the judgment, although the amount was demanded of him, remains unsatisfied. There was no evidence that the defendant had in any way been called on to take upon

himself the defence of the suit against *Spear*, or that he interfered in relation to it. The defendant continued sheriff, and *Spear* continued to be his deputy, until the spring of 1839. The defendant had never been called upon by the plaintiff to pay him until the day before the suit. The first count in the writ claimed to recover by reason of the original taking of the plaintiff's goods by *Spear*, the defendant's deputy. The second count set forth the facts specially, afterwards agreed by the parties.

*Abbott* and *E. W. Farley*, for the plaintiff, did not contend, that the action could be maintained on the first count, because the statute limiting the liability of sheriffs to four years barred it. But they claimed to recover on the other count. 1. On account of the deputy having received the money on the sale of the goods, and not having paid the same over to the plaintiff, on demand, whose property it was, having been received for his goods. 2. Because the judgment against *Spear* changed the property, and that became his, and the value thereof, being the amount ascertained by the judgment, was money in his hands for the use of the plaintiff. In either view, the defendant is liable. *Marshall* v. *Hosmer*, 4 *Mass.* R. 60; *st.* 1821, *c.* 91, § 1; *Esty* v. *Chandler*, 7 *Mass.* R. 464; *st.* 1821, *c.* 92, § 3.

*H. C. Lowell*, for the defendant, contended : —

1. The action is barred by the statute of limitations.

The sheriff and his deputy are responsible, each for his own acts, for the term of six years. But by *st.* 1821, *c.* 62, § 16, actions against sheriffs for the misconduct and negligence of their deputies, are limited to within four years " next after the cause of action." The cause of action in this case accrued *Jan.* 12, 1836, and this suit was not commenced until *April*, 1840. The action could have been brought on the day first named, and is therefore barred by the statute. *Miller* v. *Adams*, 16 *Mass.* R. 456; *Jewett* v. *Green*, 8 *Greenl.* 447; *Bailey* v. *Hall*, 16 *Maine* R. 408; *McLellan* v. *Lunt*, 2 *Fairf.* 150; *Same* v. *Same*, 14 *Maine* R. 254; *Brown* v. *Anderson*, 13 *Mass.* R. 201; *Emerson* v. *Thatcher*, 16 *Mass.* R. 428. The sale of the goods took place more than four years before the commencement of the suit; but had it been otherwise, the result would have been the same. The statute of limitation begins to run from the time the

action could have first been commenced. *Brown* v. *Houdlette,* 1 *Fairf.* 399.

2. The sheriff and his deputy are not in law joint trespassers for any act of the deputy, and they cannot be proceeded against jointly. 17 *Mass. R.* 246 ; 12 *ib.* 499 ; 1 *Pick.* 62. When an injury is done by the deputy, acting as such, both are liable, but not alike. The deputy is liable, like any other person, for his own acts, and the consequences of them, and the statute does not bar the action for six years. The suit may be brought against either, but not both. The judgment and execution against the deputy operate as a complete bar to the maintenance of a suit against the sheriff for the same cause of action. *Campbell* v. *Phelps,* 1 *Pick.* 62 ; *White* v. *Philbrick,* 5 *Greenl.* 147 ; 1 *Rawle,* 121 ; 4 *Rawle,* 285 ; 4 *Taunt.* 88 ; 1 *Johns. R.* 290.

The opinion of the Court was drawn up by

SHEPLEY J. — It is admitted that the plaintiff cannot recover on the first count for taking his goods. If there were no other objection, the statute of limitations is a perfect bar. He claims to recover on the second count for the neglect of the deputy to satisfy the judgment recovered against him.

The sheriff is responsible for all official neglect or misconduct of his deputy ; and also for his acts not required by law, where the deputy assumes to act under color of his office. He is not responsible for the neglect of any act or duty which the law does not require the deputy officially to perform. *Knowlton* v. *Bartlett,* 1 *Pick.* 270 ; *Cook* v. *Palmer,* 6 *B. & C.* 739.

It is said, that the deputy held the money received for the goods in his official capacity, and of course, that his neglect to pay it over in satisfaction of the judgment recovered against him was an official neglect. While the property in the goods or moneys received by the sale of them remained unchanged, the deputy held them in his official capacity. After the plaintiff had recovered judgment against him in trespass, and had taken out execution and collected a part of the amount so recovered the property was changed. It was no longer held in an official character. It became a part of his own estate.

The defendant would be liable for the original act of taking, and

also for any neglect to keep safely so long as the property remained unchanged, but after that time the deputy might do what he pleased with his own, and his superior would have no right to take it from him or to complain of his acts respecting it. There being no money in his hands after that time held in his official capacity, his neglect to pay it over was not an official neglect, for which the defendant is liable. The counsel for the plaintiff would avoid this conclusion by urging, that the right of property was transferred to the deputy in his official character; and that placed a fund in his hands in the like character to pay the judgment recovered against him. He could not however in his official capacity acquire the absolute property in the goods. It is the act of the plaintiff, not the act of the law alone in connexion with his own acts, which has occasioned his becoming the owner in absolute right of property. The plaintiff cannot by his own voluntary act transfer the property from himself to the deputy, and still insist, that such absolute property is held in an official capacity. As soon as the special property, which he held as an officer, was by the election of the plaintiff changed into an absolute title against all persons the custody ceased to be official. The debt due for it became his own private debt by the plaintiff's own election; and the defendant ceased to be responsible for any after act or neglect of the deputy.

*Plaintiff nonsuit.*