BROWN *et al. v.* HARRIS.

An attachment is vacated by a judgment of non-suit against the plaintiff.
Where a nonsuit is set aside, and a new trial granted, the attachment lien vacated by the nonsuit, is not revived. ·

*Error to Linn District Court.*

*Opinion by* GREENE, J. This was an action of trespass commenced before a justice of the peace, by William M. Harris, against Horace N. Brown, William R. Lewis and William Wallace, for taking a quantity of corn which had been levied upon by said Harris as constable, under a writ of attachment sued out by A. Hollenbeck against Wilbert L. Lewis. Judgment rendered against Brown and Lewis, and an appeal taken by them to the district court.

On the trial, Harris claimed the right to recover in the capacity of constable, and offered in evidence the writ of attachment issued in the case of *Hollenbeck* v. *Lewis.* The return upon the writ showed, that he had attached the undivided half of twenty acres of corn. The entries in the docket of the justice before whom the attachment suit was tried, were admitted in evidence. Among other things, the docket shows, that on the return day of the writ, Oct. 3d, 1846, the plaintiff appeared, but the defendants not

having been served with process, it was ordered that the cause be set for trial Nov. 2, 1846, at 10 o'clock A. M., and that the plaintiff give notice as required by law. On that day the parties failed to appear, and there being no proof of the required notice, the plaintiff was nonsuited. Nov. 7, 1846, plaintiff filed an affidavit, and a motion to set aside the judgment of nonsuit, which motion was granted, and a new trial ordered to be heard on the 23d of said month; and Lewis was served with notice of the new trial. On the day appointed for trial, the defendant failed to appear, and thereupon judgment was rendered against him for the sum of $36,25.

After the said docket of the attachment suit was introduced, the defendant requested the court to instruct the jury, that the judgment of nonsuit in said attachment case, destroyed the attachment lien although the nonsuit was subsequently set aside. But the instruction was refused, and this refusal constitutes the principal ground of error contended for in this case. The only question then to be determined is, will a nonsuit of proceedings commenced by attachment, vacate the lien?

The statute authorizes justices to render judgment of nonsuit when plaintiffs fail to appear in the manner provided, and to set aside such judgments, where good cause is shown within six days after the rendition. *Rev. Stat.* 323, § § 1, 2, 3 & 4.

In deciding the present question, it is not necessary to inquire into the regularity of the proceedings by which the nonsuit in the attachment case was set aside. We are only called upon to decide, whether the instruction asked and refused, should not have been given to the jury.

Ordinarily a nonsuit is regarded as the final determination of the action, and of all process connected with its commencement and progress. As a consequence then, any attachment levy would be vacated by such a judgment. It is true under our statute, a judgment of nonsuit may be set aside and a new trial granted. But in what way can this revive the attachment lien, which was destroyed by

the nonsuit? The new trial ordered, extends only to the cause of action and revives the issue between the parties, but it imparts no vitality to a levy which had been vacated by the nonsuit. It does not even revive the original writ; a new process is required, which is to be served, executed and returned in like manner as a summons. *Rev. Stat.* 324, § 4.

The attachment act provides, that when an attachment shall be dissolved, all proceedings touching the property and effects attached shall be vacated, and the suit proceed as if it had been commenced by summons only. *Rev. Stat.* 342, § 13. As the nonsuit did in effect dissolve the attachment, it necessarily follows, that the property was released from the writ; and after the suit was opened up it could only be conducted as if commenced by summons.

It has been decided in other states, that judgment for the defendant *ipso facto* dissolves an attachment, and that the officer cannot detain the property though the plaintiff sues out a writ of review. *Clap* v. *Bell*, 4 Mass. 99; *Johnson* v. *Edson*, 2 Aik. 299; *Snydam* v. *Huggeford*, 23 Pick. 465. Applying the principle of those decisions to the case at bar, we think it must follow, that a judgment of nonsuit against an attachment plaintiff will, *ipso facto*, destroy his lien, although the nonsuit may have been set aside, and the court below should have instructed the jury to that effect.

Judgment reversed.

*S. Whicher* and *P. Smith*, for plaintiffs in error.

*I. M. Preston* and *C. Bates*, for defendant.