CHARLES A. SEVERY *vs.* JOSEPH F. NYE.

*Pleading. Abatement.*

A plea in abatement must be direct and positive, and not argumentative.

Thus, in an action against a sheriff for the wrongful official acts of his deputy, a plea in abatement alleging substantially that the alleged trespass accrued to the plaintiff by reason of the official acts of the defendant's deputy, for which the defendant was legally responsible; that the plaintiff had his election to bring his action therefor directly against the deputy or the defendant; that he elected to and did bring it against the deputy, and the same is still pending and undetermined; and " that by bringing his said suit directly against said deputy, the plaintiff elected to release and did thereby release this defendant from all further liability for the supposed trespasses," etc., is bad.

The pendency of an action of trespass against a deputy-sheriff for his wrongful acts done under color of his office, cannot be pleaded in abatement in an action against the sheriff for the same cause.

The pendency of such a suit against a deputy when an action against the sheriff for the same cause is entered, is not a release of the latter action.

ON EXCEPTIONS.

TRESPASS *de bonis asportatis.*

This action is against the sheriff of the county of Somerset for the acts of his deputy, Josiah D. Bartlett, done under color of his office. It was entered at the December term, 1868. The defendant seasonably filed the following plea, which was duly signed and sworn to:

And now the said defendant comes and defends the force and injury when, etc., and prays judgment of the plaintiff's writ and declaration, and that the same may be quashed, because he says that the said plaintiff heretofore, to wit, at a term of the supreme judicial court held at Norridgewock, within and for said county of Somerset, on the third Tuesday of September, A. D. 1867, duly brought and entered his action against one Josiah D. Bartlett, the deputy of said defendant, and therein impleaded the said Bartlett in a plea of trespass, and for the same causes of action in the declaration aforesaid above set forth; that the said writ against said Bartlett was duly served and entered in said court at said term, and said Bartlett duly appeared and answered thereto, and the same was continued from term to term, and, at the time of the commencement of the present suit against this defendant, the same was pending in this court, and still is pending and undetermined, as by the record thereof in said court remaining appears; that this defendant was sheriff of said county at the time said alleged causes of action accrued to the plaintiff, duly elected, commissioned and qualified as such, and ever since has been, and still is such sheriff; that said Josiah D. Bartlett then was and still is a deputy under him, duly appointed, commissioned and qualified to act as such, and for whose acts and doings, as such deputy, this defendant then was and still is responsible; that said alleged trespasses and causes of action, if any, accrued to said plaintiff by reason of, and through the acts and doings of said Bartlett, in his official capacity as a deputy of said defendant, and not otherwise, viz., in the service of a writ against the said plaintiff in favor of creditors of his, duly sued out, and upon which said Bartlett attached certain property; which

said attachment constitutes the alleged causes of action and trespasses of which the said plaintiff in both of his said writs and declarations complains; that said defendant never, in any way or manner, or at any time, personally interfered with the plaintiff or his property, and that said plaintiff has no cause or causes of action against him other than such, if any, as may have accrued to him from the acts and doings of said Josiah D. Bartlett, his said deputy, in his official capacity aforesaid, or under color of his said official capacity; that said plaintiff had, by law, his election to bring his said action for said supposed trespasses directly against said Bartlett, who, as said defendant's deputy, committed them, if any; or, against this defendant, who, as said Bartlett's superior, was by law responsible therefor; but not against both, either jointly or severally; that said plaintiff, with full knowledge of all the facts, elected to bring his action, for said supposed trespasses, directly against said Bartlett, said defendant's deputy, and did so bring it, and attached said Bartlett's property therein; which said action is the same above mentioned as brought and entered in this court, at the term thereof holden the third Tuesday of September, A. D. 1867, and was pending in said court, when the present suit for the same supposed trespasses against this defendant was commenced, and is still pending in said court and undetermined, as by the record thereof appears; and the said defendant avers that by bringing his said suit, which is still pending as aforesaid, directly against said Bartlett, the said plaintiff elected to release, and did thereby release, this defendant from all further liability for the supposed trespasses, acts, and doings, and cause of action in his writ and declaration aforesaid, above mentioned and set forth; all which he is ready to verify. Wherefore he prays judgment of said writ and declaration, and that the same may be quashed, and for his costs.

To this plea the plaintiff replied, that the action against Bartlett was determined at the December term, 1868, prior to the commencement of this suit, by plaintiff's becoming nonsuit, and that said action remains on the docket simply for the purpose of having the question of the plaintiff's liability therein, for costs, determined.

To this replication the defendant filed a general demurrer which was joined.

The presiding judge sustained the demurrer and held the plea good, and abated the writ, *pro forma ;* and the plaintiff alleged exceptions.

*D. D. Stewart*, for the defendant.

Final judgment had not been entered in the suit against Bartlett. The court had power to take off the nonsuit. No party can recover costs in a suit which is not pending; and a suit is always pending until final judgment is entered. *Woodcock* v. *Parker*, 35 Maine, 138; *Woodcock* v. *Parker*, 34 Maine, 593; *Lothrop* v. *Page*, 26 Maine, 119.

The effect of the pendency of that suit upon this, depends upon the legal relations and rights existing between the plaintiff, defendant, and Bartlett. If the defendant and his deputy were co-trespassers, the pendency of that suit would be immaterial, because remedies against co-trespassers are concurrent; and a suit against one, without satisfaction, would not affect a suit against the other. The sheriff and his deputy are not co-trespassers. *Campbell* v. *Phelps*, 1 Pick. 62. Nor are their relations those of master and servant, *Ibid.* ; but they are *sui generis*,—growing out of the effect of the statute and of the peculiar common law of Massachusetts and Maine upon the subject. By English common law, all actions for breach of official duty must be brought against the sheriff only. *Cameron* v. *Reynolds*, 1 Cowp. 403; Sewell on Sheriffs, 34; *Tuttle* v. *Love*, 7 Johns. 472; *Paddock* v. *Cameron*, 8 Cow. 212; *Abbott* v. *Kimball*, 19 Verm. 551; *Draper* v. *Arnold*, 12 Mass. 449.

The peculiar relations subsisting between a sheriff and his deputy is fully stated in *Campbell* v. *Phelps, supra ;* same parties, 17 Mass. 246. The deputy is, so far as third persons are concerned, an independent officer. For any wrongful act he may be treated directly as a trespasser; or the injured party may, " at his election," regard the sheriff as having personally done the wrongful act, and treat him as the trespasser; and if he does so elect, the law con-

siders the sheriff as the guilty party and not the deputy. The remedies are not concurrent, but elective. They are not liable jointly or severally, but electively. Hence a pending suit against one may be pleaded in abatement of a suit against the other.

That the remedy is elective, the following cases declare. *Draper* v. *Arnold*, 12 Mass. 450, declares the " practice uniform for a long course of years, to sue either the sheriff or his deputy for the default of the latter, at the election of the injured party." . . . " A breach or neglect of duty, by a deputy-sheriff, furnishes a good ground of action against him personally, whenever the party injured chooses to forego the advantage of bringing his action against the sheriff." The sheriff is a " substitute for the deputy." *Campbell* v. *Phelps*, 1 Pick. 67. The statute of limitations runs four years against a sheriff and six against the deputy. So in *Taft* v. *Metcalf*, 11 Pick. 458, " A party aggrieved by the act of a deputy-sheriff, has his election to sue the sheriff or deputy." Same language in *Walker* v. *Foxcroft*, 2 Greenl. 272. When remedies are not concurrent but elective, the party must abide by the election when once made. *Bohanan* v. *Pope*, 42 Maine, 93.

From the nature of the right to be exercised, the election is made when the party determines which to sue, and brings his suit accordingly. *Campbell* v. *Phelps*, 1 Pick. 67.

It is immaterial whether the suit is pending or has been prosecuted to final judgment and execution. A worthless judgment and execution against an insolvent deputy, can be of no more value than a suit pending. All the evils likely to result from allowing a party to bring a suit against a sheriff, after he had elected to sue the deputy, will occur the same, whether the one against the deputy finally terminates in a judgment against him, or in a nonsuit. When the right of election has been exercised it becomes *functus officio*. A nonsuit will not bar an action against same party, but the right of election is gone forever. *Butler* v. *Hildreth*, 5 Met. 49, is decisive of this branch of the case.

*H. L. Whitcomb*, for the plaintiff.

APPLETON, C. J. This is an action of trespass *de bonis asportatis* against the sheriff of the county of Somerset. To this he has pleaded in abatement, the pendency of a former suit by this plaintiff, against one Bartlett, a deputy of the defendant, for the same cause of action, whereby he has released the defendant.

The greatest precision and accuracy are required in pleas in abatement. They must be certain to every intent, and they must not be argumentative.

1. Pleading is a statement of facts, not a statement of argument. A plea should be direct and positive, and not by way of rehearsal, reasoning, or argument. " Thus if *scire-facias* be brought against a parson for the arrears of an annuity recovered against him, and he plead, that before the writ brought, he had resigned into the hands of the ordinary who accepted thereof, this plea is argumentative, for he should have pleaded directly that he was not parson on the day of the writ brought, instead of pleading facts from which that conclusion was to be drawn," etc. 1 Chit. Pl. 518. " Every plea must be direct and not by the way of argument or rehearsal." Co. Lit. 303 a. A plea that the " supposed debt, if any there be," is bad on special demurrer, for not confessing the debt. *Margetts* v. *Bays*, 31 E. C. L. 223.

The pleader, besides setting forth the facts on which he relies to abate the plaintiff's writ, inserts, by way of argumentation, a syllogism therein to this effect: that an election to sue a deputy-sheriff by a party plaintiff, and a suit by him is a release of the sheriff, whose deputy he is, that this plaintiff had commenced a suit against the defendant's deputy, Bartlett, which is now pending, and that thereby he released the defendant.

It is true, that argumentativeness in a plea must, as a general rule, be taken advantage of by special demurrer. But this applies only to pleas in bar, not to pleas in abatement, as to which every exception may be taken on general demurrer.

2. The sheriff and his deputy are liable for the wrongful acts of the latter done *colore officii*. The party aggrieved may sue the sheriff or his deputy. The cases cited show that either may be

sued, but they do not show that a suit brought and pending against the deputy-sheriff is a release of the sheriff as the plea alleges; "and the said defendant avers, by bringing his said suit, which is still pending as aforesaid, directly against said Bartlett; the said plaintiff elected to release, and did thereby release this defendant from all further liability for the supposed trespasses, acts, and doings, and causes of action in his writ and declaration aforesaid above mentioned and set forth," etc.

In the leading case of *Campbell* v. *Phelps*, 1 Pick. 62, the court were divided. "The point upon which the majority are agreed," observes Parker, C. J., "is, that the sheriff and his deputy are not to be considered as joint trespassers in a tort done by the latter so as to subject them either to a joint action, or to give the party injured a right to bring his action against one after having recovered judgment and sued out execution against the other." According to the opinion of the minority, it was held that "whenever a trespass is committed by a deputy, by color of his office, the party injured may have a separate action against the sheriff and another against his deputy, and may proceed to judgment against either,"—and that a recovery against one, without satisfaction, is no bar to an action against the other. Both assume a judgment necessary to constitute a bar. The majority say that is sufficient; the minority require that it should be satisfied. In accordance with the views of the minority is the opinion of the supreme court of Connecticut in *Morgan* v. *Chester*, 4 Conn. 387, where it was held that notwithstanding the judgment against the deputy, and his imprisonment on execution, the cause of action against the sheriff remained unimpaired. It is nowhere intimated that the institution of a suit against the deputy is a discharge of the sheriff. Indeed, by recurring to the cases cited by the learned counsel for the defendant, while they recognize the right to sue either the sheriff or his deputy, they do not assert the proposition that a suit without judgment is a bar, nor can any such case be found, as applicable to parties sustaining the relation of sheriff and deputy.

In *White* v. *Philbrick*, 5 Greenl. 147, it was held that a judgment

in trover, if execution be sued out thereon, though without satisfaction, is a bar to an action of trespass afterwards brought by the same plaintiff against another person for taking the same goods. " Chief Justice Parker, in the case *Campbell* v. *Phelps,* appears to admit," observes Weston, J., " that both in trover and in trespass, *de bonis asportatis,* the property vests in the defendant. This, Wilde, J., in the same action, denies, unless upon satisfaction of the judgment." The right of action is merged in the judgment. " It is the judgment," observes Jervis, C. J., in *Buckland* v. *Johnson,* 80 E. C. L. 145, " that disposes of the matter and not the payment." In same case, Maule, J., says, " Having his election to sue in trover, for the value of the goods at the time of sale, or for the proceeds of the sale, as money had and received, the plaintiff elected the former, and he has obtained a verdict and judgment. He has, therefore, got what the law considers equivalent to payment, viz., a judgment for the full value of the goods. . . . Having once recovered judgment his remedy was altogether gone; his claim was satisfied as against all the world." The recovery of the judgment, not the institution of the suit, was the bar. In *Hunt* v. *Bates,* 7 R. I. 217, it was held that judgment in trover, for the full value of the goods converted, against the deputy making the attachment, was a bar to an action of trespass by the same plaintiff, against the creditor at whose suit the attachment was made. This was upon the principle that the plaintiff's right was merged in his judgment.

In *Emery* v. *Fowler,* 39 Maine, 327, it was decided that a judgment against the principal, for the act of the servant, rendered upon a trial on the merits of the case, was a bar to a suit against the servant for the same act, and that when such judgment was rendered, after the pleading of the general issue in an action against the servant, it was admissible under that plea. " This case," observes Shepley, C. J., " requires that a single point only should be considered; whether one who acts as the servant of another, in doing an act alleged to have been a trespass, is to be so connected with the principal, who commanded the act to be done, that what

will operate as a bar to the further prosecution of the principal, will operate as such for the servant," and the court held in the affirmative. " A familiar example is presented," he adds, " in suits against a sheriff or his deputy, which being determined upon the merits, against or in favor of the one, will be conclusive upon the other." Nowhere is the doctrine stated that the institution of a suit against the deputy is a release of his principal.

The defendant and his principal were each, severally, liable to the plaintiff. The obtaining of judgment and the suing out of execution are an election which may constitute a bar, but not the commencement of a suit which may be abandoned at any moment. *Hopkinson* v. *Hersey*, 20 Maine, 452 ; *Livingston* v. *Bishop*, 1 Johns. 290.

*Exceptions sustained.*

*The defendant's plea bad.*

*Defendant to answer over.*

Cutting, Walton, Dickerson, and Barrows, JJ., concurred. Kent, J., concurred in the result.