ELIAS LYMAN *v.* GEORGE C. HOLMES.

November Term, 1914.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, and TAYLOR, JJ.

Opinion filed January 9, 1915.

*Sheriffs and Constables—Wrongful Seizure of Property—Right of Action—Accrual of Action—Statute of Limitations—Running of Limitation—Liability of Officers—Pendency of Action.*

If an officer seizes my property on a writ against another, he is a trespasser, and I may at once and without demand maintain against him either trover, replevin, or trespass, and so the Statute of Limitations begins to run against me from the date of the seizure.

The seizure by an officer of my property under a writ against another is an official malfeasance, and if such seizure is made by a deputy sheriff, the sheriff is liable therefor, not on the theory of identity, nor of principal and agent, nor of master and servant, but because of the liability imposed by P. S. 3346.

An action for the seizure by a deputy sheriff of the property of one person under a writ against another may be brought against the sheriff or against the deputy, at the option of the owner.

Where an injury is complete at the time of the act causing it, the Statute of Limitations begins to run from that time; but where

the act is not legally injurious until other consequences ensue, the cause of action does not accrue until then.

The pendency of an action against a deputy sheriff will not abate an action against the sheriff for the same cause.

CASE against a sheriff for the negligent acts and omissions of his deputy. Pleas, the general issue and the Statute of Limitations. Trial by the city court of the city of Burlington, *C. S. Palmer*, Judge. Judgment for the defendant to recover his costs. The plaintiff excepted. The opinion states the case.

*Max L. Powell* for the plaintiff.

*D. G. Furman* for the defendant.

POWERS, C. J. If an officer seizes my property on a writ against some one else, he is a trespasser; and I can sue him in replevin, or trover, or trespass *de bonis*. *Owings* v. *Frier*, (Ky.) 12 Am. Dec. 393, and note; *Stockwell* v. *Robinson*, (Del.) 32 Atl. 528; *Davis* v. *Stone*, 117 Mass. 486; *Com.* v. *Kennard*, 25 Mass. 133. Such a seizure is wholly outside the mandate of the writ, and for this reason, the writ is no protection whatever to the officer; my right of action is complete, and I may bring my action without demand, and without delay. *Boulware* v. *Craddock*, 30 Cal. 190; *Jewett* v. *Partridge*, 12 Me. 243; *Woodbery* v. *Long*, 8 Pick. 543. It necessarily follows that the Statute of Limitations begins to run against me from the date of the seizure. 1 Wood. Lim. 468, n. 1; Angell, Lim. 324.

Such a seizure is an official malfeasance, and if made by a deputy sheriff, the sheriff is liable therefor. P. S. 3346; *Harrington* v. *Fuller*, 18 Me. 277; *Hamilton* v. *Goding*, 55 Me. 419; *Campbell* v. *Phelps*, 17 Mass. 244. The act of the deputy, being *colore officii*, is, so far as liability therefor is concerned, the act of the sheriff. P. S. 3346; *Johnson* v. *Edson*, 2 Aik. 299. This is so, not on the theory of identity,—for with us a deputy sheriff is recognized as an independent officer; nor on the theory of principal and agent,—for the deputy derives his authority from the law and not from the sheriff; nor yet upon the theory of master and servant,—for the deputy acts independently of the sheriff and not by his direction; but because of the official relation existing between them, and of the statutory responsibility

cast upon the one for the acts of the other. All this is shown by *Flanagan* v. *Hoyt,* 36 Vt. 565.

In such cases, then, the action may be brought against the sheriff or against the deputy at the option of the owner of the goods seized. *Campbell* v. *Phelps, supra; Taft* v. *Metcalf,* 11 Pick. 458; *Draper* v. *Arnold,* 12 Mass. 450; *Walker* v. *Foxcroft,* 2 Me. 270; *Severy* v. *Nye,* 58 Me. 246. So the statute runs on the action against the sheriff from the date of the seizure.

*Hall* v. *Tomlinson,* 5 Vt. 228, attentively considered, is full authority for this holding. That was an action involving an irregular levy of an execution, and it was decided that an action therefor might be commenced at once against the sheriff; that such cause of action was complete, and that the Statute of Limitations ran from the date of such levy. The opinion reads as though the levy had been made by the sheriff himself; but the statement of the case and the original writ (which we have examined) show that the levy was in fact made by a deputy. The language used in the opinion is due no doubt to the theory of complete identity between the sheriff and his deputy then held by the court. See *Bliss* v. *Stevens,* 4 Vt. 88; *Johnson* v. *Edson, supra. Hall* v. *Tomlinson* was approved in *Bell* v. *Roberts,* 13 Vt. 582, which was also an action against a sheriff for a defective levy by his deputy.

These elementary rules govern the case in hand. When James, the deputy, seized the plaintiff's automobile on a writ against The Hill Storage & Implement Co., it was a conversion thereof, for which the plaintiff could maintain an action against either James or Holmes, the sheriff, as he might choose. His cause of action was made complete by the seizure, and nothing was required to ripen it. The plaintiff now says that the cause of action did not accrue until the middle of August, 1910, when the automobile was returned to him. But this cannot be, for, manifestly, complete dominion over his property had been taken by one wholly without right; and if the plaintiff's claim were sound, it would follow that if the machine was never returned, no cause of action would ever accrue. It is apparent that the plaintiff understood that his cause of action was complete without a return of the property, for he actually sued the deputy on June 15, 1910,—two weeks and a half after the conversion, and two months before the return of the property. That suit could as

well have been brought against Holmes, for he was responsible for the conversion by force of the statute.

The plaintiff calls attention to the authorities sustaining the proposition that the cause of action by the defendant in the attachment to recover the goods attached accrues against the sheriff at the time when the attachment is dissolved, and the Statute of Limitations begins to run from that time. This may be admitted. The reason on which this rule is predicated is that the officer acquires by the attachment a special property in the goods attached, defeasible on the plaintiff's failure in the action or his neglect seasonably to charge it on execution. *Johnson* v. *Edson, supra.* In such a case, it is plain that the general owner cannot maintain a suit against one having special property in the goods, as long as that special property continues; *Bailey* v. *Hall,* 16 Me. 408; though it should be noted, in passing, that this rule has no application where the goods seized are by law exempt. In that case, the defendant in the attachment may sue at once for the trespass. *Kiff* v. *Old Colony & Newport Ry. Co.,* 117 Mass. 591; 1 Shinn Attach. 667; *Dow* v. *Smith,* 7 Vt. 465.

The plaintiff also calls attention to cases holding that when the damages occasioned by an officer's wrongful act are wholly consequential, action therefor cannot be brought until such damage results.

But these cases are not in point. They differ widely from the case in hand. They all, however, recognize the true rule, thus stated in *People* v. *Kendall,* (Colo.) 59 Pac. 409, much relied upon by the plaintiff: "If the injury is complete at the time of the act, the statute starts to run; but if the act is not legally injurious until certain other consequences occur, then the cause of action does not arise at the time of the breach by the officer, but the time of the happening of the injurious consequences." This is the rule adopted by this court in *Johnson* v. *Beattie,* 88 Vt. 512, a case much stronger for the plaintiff than the case in hand. Nor is there force in the plaintiff's contention that the running of the statute was suspended during the pendency of the action against James. The pendency of an action against a deputy will not abate an action against the sheriff for the same cause. *Severy* v. *Nye,* 58 Me. 246. And if, as the plaintiff says, he could not sue Holmes while the judgment in favor of James was in force, since the former could plead it in bar, it is enough to say that that condition of affairs was of

his own creation, and this defendant should not be prejudiced thereby.

It is conceded that this suit was brought more than four years after the automobile was taken, and consequently the statute affords a complete bar. This being so, we need not consider the question of election.

*Judgment affirmed.*