## Rengier *v.* Kunzler, Appellant.

*Wills—Construction—Words amounting to devise in fee—Precatory words—Act of April 8, 1833, P. L. 249, Sec. 9—Case stated.*

On the hearing of a case stated to determine whether plaintiff had a fee simple title to land which she had agreed to sell to the defendant, it appeared that her title was derived under the following clause of the will of her husband: "I bequeath to my wife, R., My Whole Estate absolute, at her death to do as she knows what I would want her to do with my estate. I want my wife, R., to be one of My Executors, and my brother, J., to be the other one. Everything is to go on the same as when A. lived unless the Executors see otherwise." *Held,* under Section 9 of the Act of April 8, 1833, P. L. 249, the devise was sufficient to pass the fee.

Argued May 19, 1914. Appeal, No. 165, Jan. T., 1914, from judgment of C. P., Lancaster Co., April T., 1914, No. 69, on case stated in case of Rebecca D. Rengier v. Christian Kunzler. Before FELL, C. J., BROWN, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Case stated to determine title to land. Before LANDIS, P. J.

The opinion of the Supreme Court states the facts.

Judgment for plaintiff. Defendant appealed.

*Error assigned* was the judgment of the court.

*W. H. Keller,* of *Coyle & Keller,* with him *J. R. Kinzer,* for appellant.

*T. Roberts Appel,* and *Charles G. Baker,* for appellee, were not heard.

PER CURIAM, July, 1, 1914:

This appeal is from a judgment entered for the plaintiff in a case stated to determine whether she had a fee simple title to land she had agreed to sell to the defendant. Her title was derived under the following clause of the will of her husband, Albert S. Rengier: "I bequeath to my wife, Rebecca D. Rengier, my whole estate absolute, at her death to do as she knows what I would want her to do with my estate. I want my wife, Rebecca D. Rengier, to be one of my executors, and my brother, John Stimen Rengier, to be the other one. Everything is to go on the same as when Albert Rengier, lived unless the executors see otherwise." It is provided by Section 9 of the Act of April 8, 1883, P. L. 249, that "All devises of real estate shall pass the whole estate of the testator in the premises devised, although there be no words of inheritance or of perpetuity, unless it appear by a devise over, or by words of limitation, or otherwise, in the will, that the testator intended to devise a less estate." Under this section the devise was sufficient to pass the fee. There was no devise over or words of limitation that show an intent to devise a less estate. The desire of the testator that his wishes, expressed to his wife only, should be respected by her in her disposition of the estate is without legal effect.

The judgment is affirmed.