MILBURY ATLANTIC MANUFACTURING CO. *vs.* ROCKY POINT AMUSEMENT CO.

DECEMBER 5, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Judgments.   Default.   Removing Default.*

During six months after judgment by default the jurisdiction to grant relief is concurrent in the Supreme Court and the Superior Court or any district court in which such judgment has been entered.

*(2)   Judgments.   Removing Default.*

A petition to remove default is addressed to the judicial discretion of the court and upon review the determination of an inferior court will not be disturbed unless it appears that there has been an abuse of discretion or that the determination is based upon an error of law.

*(3)   Judgments.   Removing Default.   Statement of Defence.*

In granting relief after default the remedy will be withheld unless the party as a part of the cause shown, makes it appear, if he be a defendant, that he has a defence which he desires to present in good faith in case a trial is granted and that it is one which if established should have an effect upon the result. It should appear that the defence is *prima facie* meritorious.

*(4)  Removing Default.*

It is the duty of a court in passing on a petition to remove a default, to deter-
mine whether or not the defence urged is frivolous or one that amounts to a
defence in law, and whether or not it is being urged in good faith and the
court should not pass upon the sufficiency of the evidence to support the
defendant's claim.

AFTER JUDGMENT BY DEFAULT.   Heard on exception of
defendant and overruled.

SWEETLAND, C. J.   The above entitled case is before us
upon exceptions to the action of the Superior Court denying
the defendant's motion "that the default be removed and
said case reinstated for trial."

It appears from the record in this cause that in the
Superior Court on March 20, 1922, the defendant was
called and defaulted, and on the same day judgment was
entered for the plaintiff upon said default.   On the following
day the defendant filed the motion now under consideration
which was denied by the Superior Court, to which action the
defendant excepted.   We assume that by said motion the
defendant sought to avail itself of the relief afforded by
Section 2, Chapter 294, General Laws, 1909, which section
provides that in case of judgment by default the court
entering the same shall have control over the same for the
period of six months after the entry thereof and may for
cause shown set aside the same and reinstate the cause.

(1)   The power conferred on the courts in this section is in its
nature, and in regard to the restrictions which should govern
its exercise, identical with the power given this court to
grant a trial in the Superior Court or in any district court
under the provisions of Section 1, Chapter 297, General
Laws, 1909.   During six months after judgment by default
the jurisdiction to grant relief is concurrent in this court
and the Superior Court or any district court in which such
judgment has been entered.   *Curry* v. *Swett,* 13 R. I. 476;
*Kinkead* v. *Keene.* 22 R. I. 336; *Cascia* v. *Gilbane,* 26 R. I.
584.   The petition preferred under either section is ad-
dressed to the judicial discretion of the court.   Upon review

(2) this court will not set aside the determination of an inferior court upon such a petition unless it appears that there has been an abuse of discretion or that the determination is based upon an error of law. *Fox* v. *Artesian Well & Supply Co.,* 34 R. I. 260; *Bank* v. *Inman,* 34 R. I. 391.

An examination of the record of the proceeding in the Superior Court upon this motion shows no abuse of the discretion of that court. The finding of said justice was justified, that the defendant had failed to present adequate cause for setting aside the judgment by default.

The plaintiff claimed before us that the defendant was without standing upon its motion, because it did not accompany the same with an affidavit setting out the defence which it was prepared to present in case there should be a reinstatement of the cause. It appeared in the argument before us, and also in the record of the proceedings below, that the practice in the Superior Court upon petitions for relief under said section has been affected by a misinterpretation of the opinion of this court in *Bank* v. *Inman,* 34 R. I. 391. We have held that "the remedy which a party has after default is only incidentally dependent upon the merits of his case." *In re Stillman, Petitioner,* 28 R. I. 298. The position of the court has been, however, that the remedy will be withheld unless the party, as a part of the cause shown, makes it appear, if he be a defendant, that he has a defence which he desires to present in case a trial is granted, and that it is one which, if established, should have an affect upon the result. This principle was recognized in *Draper* v. *Bishop,* 4 R. I. 489, and since that case it has governed the practice in this court. We have always regarded the statement of defence as an appropriate, if not necessary, allegation of a petition for relief. We would not prescribe the form of petition to be entertained in the Superior Court. We think, however, as has been the practice here, that before relief is granted by that court it should be made to appear that the petitioner has a defence which is *prima facie* meritorious, and which in good faith he

desires to present at the trial if one be granted to him.    In *Bank* v. *Inman*, 34 R. I. 391, it was not questioned that the judgment by default was entered in circumstances of accident and unforeseen cause.    It also appeared that the defendant wished to file a plea and go to the jury upon a claim which if established would be a perfect defence to the action; nor could it be said conclusively that in making this claim the defendant was not acting honestly.    The error that we found in the action of the justice of the Superior Court who presided in that cause was that he heard the evidence for the purpose of passing upon its sufficiency to support the defendant's claim, and denied the application for relief solely because he reached the conclusion that in his opinion the defence should not prevail.    This was a matter that could only properly be passed upon by the tribunal charged with the trial of the case.    The plain distinction which this court drew in its opinion, a distinction universally recognized in the authorities, was that it was the duty of the Superior Court to determine whether or not the defence urged was frivolous or was one that amounted to a defence in law, and whether or not it was being urged in good faith.    It was error for the court to base its action upon a finding that the defence claimed should not prevail on a trial.    In the present case the defendant failed to show to the Superior Court that the default was entered in circumstances that entitled it to relief or that it has a meritorious defence to the action.

The defendant's exception is overruled.    The cause is remitted to the Superior Court for further proceedings following the judgment.

*Alfred S. & Arthur P. Johnson,* for plaintiff.

*Philip C. Joslin, Ira Marcus,* for defendant.