Samuel Needle, *Gdn.* vs. Edward I. Cohen *et al.*

JUNE 18, 1938.

Present: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Baker, J. This is a petition to this court, brought under the provisions of general laws 1923, chapter 347, sec. 3, for permission to file in the superior court reasons of appeal from a decree of the probate court of the town of Cumberland, the petitioner having failed to file such reasons of appeal in the superior court within the period allowed by statute for taking such action. G. L. 1923, chap. 362, sec. 1.

The petition sets out in substance that the petitioner, a resident of Pawtucket in this state, as the guardian of the person and estate of one Annie Cohen, filed in the probate court of Cumberland a third account of his doings as guardian in said estate, which account, showing a balance in the estate of $1631.93, was allowed by the probate court, which ordered him to pay that sum into said court on or before November 5, 1937. The petitioner further alleges, among other things, that he signed the above account, which had been prepared by a third person, by accident and mistake; that he is unable to read or write the English language; that he thought he had to sign the account before he could check its correctness and that he was erroneously charged as guardian as aforesaid with the above-mentioned sum.

The petitioner then avers in his petition that, by an attorney, he took an appeal from the entry of the above decree in said probate court and paid the clerk of that court the necessary fees, but, by reason of accident, mistake and unforeseen cause, did not file his reasons of appeal in the superior court within the time allowed by statute. As constituting accident, mistake and unforeseen cause, the petitioner relies on the fact, according to the allegations in his petition, that his attorney was informed on taking the appeal that the signing of the appeal blank was sufficient in law to take the appeal to the superior court; and on the further fact that the clerk of the probate court neglected, by accident and mistake, to send to the petitioner or his attorney a certified copy of the record and proceedings in said probate court in time for the petitioner to file his reasons of appeal, together with such certified copies, in the superior court and thus perfect his appeal according to law, that is, within fifty days from the entry on October 22, 1937, of the said decree in the probate court. The respondents, who are opposing the granting of the petition, are alleged therein to be the children and sole heirs at law of Annie Cohen, the ward.

General laws 1923, chap. 347, sec. 3, under which this petition is brought is as follows: "When any person is aggrieved by any order, decree, decision, or judgment of the superior court or of any probate court or town council, and from accident, mistake, unforeseen cause, or lack of evidence newly discovered, has failed to claim or prosecute his appeal, or to file or prosecute a bill of exceptions, or motion, or petition for a new trial, the supreme court, if it appears that justice requires a revision of the case, may, upon petition filed within one year after the entry of such order, decree, decision, or judgment, allow an appeal to be taken and prosecuted, or a bill of exceptions or a motion for a new trial to be filed and prosecuted, upon such terms and conditions as the court may prescribe."

The question presented to us for our determination, therefore, is whether or not the petition shows such accident, mistake and unforeseen cause as would excuse the petitioner's failure to perfect his appeal according to law, and would justify us in granting the relief prayed for by him. This court has consistently held that the "mistake" referred to in the above statute does not include a mistake of law, and in numerous cases a miscalculation of time in appeal and other proceedings, by a petitioner or his attorney, has been treated substantially in the same manner as has a mistake of law. *Howard* v. *Capron,* 3 R. I. 182; *Haggelund* v. *Oakdale Mfg. Co.,* 26 R. I. 520; *McKeough* v. *Gifford,* 30 R. I. 192; *Johnson* v. *Randall,* 92 A. 829 (R. I.); *Jordan* v. *R. I. Hospital Trust Co.,* 54 R. I. 352; *Cooke* v. *Greenlaw,* 193 A. 494 (R. I.).

The fact that the petitioner alleges that his attorney received information which led him to believe he had done all that was necessary to perfect the appeal he was taking does not aid him in the present proceedings. This court has refused to grant relief under the statute now before us where petitioners have relied on information received under generally similar facts and circumstances as appear herein.

*Jackvony* v. *Colaluca,* 29 R. I. 441; *Allen & Reed, Inc.* v. *Russell,* 33 R. I. 422; *Bolster* v. *Bolster,* 35 R. I. 367; *Leach* v. *Teutonia Ins. Co.,* 92 A. 554 (R. I.).

The petitioner has called to our attention several cases in which this court has applied the statute in question broadly, and given a petitioner the relief which he has sought. We find these cases, however, to be essentially different in their facts from the instant case. In these cases the court generally found either mistake of fact, accident or unforeseen cause.

In *Di Benedetto* v. *Capone,* 48 R. I. 14 the fact that the petitioner had not had a day in court was referred to. In the present case the petitioner has had a hearing in the probate court of Cumberland, a court of competent jurisdiction. In *Ball* v. *Ball,* 21 R. I. 90, the petitioner had taken all the steps required to perfect an appeal in the case, but, through mistake, the bond was not in proper form. The court held this defect, which consisted in having the bond run to the town of New Shoreham instead of to the court of probate of that town, to be merely formal and not substantial, and, therefore, granted relief under the statute. We have recently had occasion to discuss that case fully in *Union Fabrics Corp.* v. *Tillinghast-Stiles Co.,* 61 R. I. 32, and further comment upon it is not now necessary. *Donahue* v. *Sherman's Sons Co.,* 39 R. I. 373 was a case under the workmen's compensation act in which the question of the failure of the injured person to give the required statutory notice to his employer of the injury was involved. The court held that the workmen's compensation act was of a remedial character, and that its provisions should be broadly and liberally construed in order to effectuate their purpose. The court, after reviewing at length the earlier cases dealing with accident, mistake and unforeseen cause, found that the record before them showed such accident and unforeseen cause as excused the petitioner from giving the said notice required by the act.

In view of the decisions of this court in the cases first cited herein, and after a careful consideration of the petition before us, we are of the opinion that the petitioner has not set out facts which show any accident or unforeseen cause such as would excuse his failure to perfect his appeal to the superior court in the time allowed by statute; and that the mistake made by him or his attorney was in the nature of a mistake of law, and hence not relievable under the construction which this court has heretofore placed upon the provisions of the statute in question. We are, therefore, not warranted in granting the relief prayed for in the present proceedings.

The petition is denied and dismissed.

*Edwin O. Halpert,* for petitioner.

*Edward I. Cohen,* of (Boston) Massachusetts Bar, *pro se ipso.*