227 A.2d 589.

## James King vs. Carl Brown.

MARCH 28, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This action of trespass for assault and battery was commenced in the superior court. No entry of appearance, demurrer or plea was filed by or on behalf of the defendant. The plaintiff's motion for a nil dicit judgment was granted and on October 11, 1965 the case was declared defaulted, and following oral proof of claim a judgment in the amount of $7,500 was entered against the defendant. Ten days later a justice of the superior court granted defendant's motions, three in number, but considered here as if one, to remove the judgment entered by default, to re-

move the nil dicit judgment and to recall the execution which had been issued on that judgment. The case is now here on the plaintiff's exception to that ruling.

The defendant applied for relief under G. L. 1956, §9-21-2,[1] which at that time permitted the superior court to vacate a default judgment at any time within six months after its entry "for cause shown," that is to say, upon a showing by a defendant either by affidavit or by evidence that the default had been entered by reason of accident, mistake or unforeseen cause, *Wright v. DelGiudice,* 100 R. I. 234, 213 A.2d 811, *Milbury Atlantic Mfg. Co.* v. *Rocky Point Amusement Co.,* 44 R. I. 458, and that he was possessed of a prima facie meritorious defense which in good faith he desired to present if the case were reinstated for trial. *Fiske* v. *Marino,* 100 R. I. 758, 219 A.2d 471; *McLeod* v. *Fleetwood Motor Sales Inc.,* 83 R. I. 447; *Lombardi* v. *Rao,* 88 R. I. 226.

Here defendant elected to offer no testimony at the hearing on his motion, apparently relying instead on the assertions made in the affidavit attached to that motion to fulfill his obligation to *show cause.* He there states in substance that he was acting in self defense and that the case was not answered even though he "did turn over this writ of summons to his attorney * * * and did engage * * * as attorney to represent him in this matter." To find cause for removing a default judgment on such meager assertions was error.

This court has consistently held that neglect or inattention of counsel does not in and of itself constitute accident, mistake or unforeseen cause and we have refused to relieve a litigant from the adverse consequences flowing solely from his counsel's negligent failure to comply with statutory proscriptions. This has been our attitude not only where, as

---

[1] It has since been amended by P. L. 1965, chap. 55, sec. 36.

in this case, counsel has failed to answer or enter his appearance in a case,[2] *McKeough v. Gifford,* 30 R. I. 192, but in addition where he has neglected within the time limit prescribed by statutes comparable to §9-21-2 to prosecute a bill of exceptions,[3] *Monti v. Providence Journal Co.,* 96 R. I. 175, *Leach v. Teutonia Ins. Co.,* R. I., 92 A. 554, *Allen & Reed v. Russell,* 33 R. I. 422, *Jackvony v. Colaluca,* 29 R. I. 441; or to return a writ, *DiMauro v. Samson,* 88 R. I. 222, *National Casket Co. v. Montgomery,* 52 R. I. 158; or to perfect an appeal from an order or decree of a probate court, *Bolster v. Bolster,* 35 R. I. 367, *Needle v. Cohen,* 61 R. I. 84; or to "simply neglect, by reason of forgetfulness, to take the necessary steps to file a petition for new trial," *Haggelund v. Oakdale Mfg. Co.,* 26 R. I. 520 (See, however, *Burrough v. Hill,* 15 R. I. 190, apparently contra.); or to file a claim of appeal from a decree of the superior court. *Johnson v. Randall,* R. I., 92 A. 829.

Notwithstanding this line of decisions, our concern that no injustice shall be worked to a litigant by denying him his day in court prompts us to suggest upon our own motion that perhaps the changes made in §9-21-2 by P. L. 1965, chap. 55, sec. 36, point to the advisability of our reexamining in the light of those changes our position on the negligence-of-counsel question. Insofar as here pertinent that chapter, whose passage and effective date were concomitant

---

[2] In *Pono v. Cataldo,* 89 R. I. 242, where a judgment entered by default was removed on the ground that it had been entered by reason of mistake, the circumstances were that the secretary of the defendants' attorney used an incorrect filing number on his plea which, although duly filed, was not with the papers in the case when the plaintiff's counsel, who had been served with a copy of the plea, moved for entry of the default.

[3] See, however, *Baker v. Tyler,* 28 R. I. 152, where the court in view of exceptional circumstances concluded that the interests of justice required that the defendant be given a review of an adverse decision notwithstanding that his counsel might have been careless in not discovering an erroneous action of a justice of the superior court which would otherwise have been fatal to his right to prosecute a bill of exceptions.

with the adoption and promulgation of new rules of civil procedure in the superior court, created new guidelines for determining whether a default judgment should be removed. Instead of the old §9-21-2 "cause shown," or "accident, mistake or unforeseen cause" standard, we now have a test modeled after the Federal Rules of Civil Procedure which was in turn borrowed from the Field Code in California. The new guides are "mistake, inadvertence, surprise, or excusable neglect * * *." Although enacted prior to the superior court hearing of the motion in this case, the January 10, 1966 effective date fell well within the period during which defendant's motion, if its filing had been delayed, could have been heard in that court and also preceded the arguments in this court.

In this rather unusual situation we believe that the ends of justice will be better served if we defer decision until the parties have presented their respective contentions on whether P. L. 1965, chap. 55, sec. 36, as well as rules 55(c) and 60(b) (2) and (6) of the superior court rules of civil procedure, should control and, if so, whether properly construed they will on this scanty record and at this late date justify a removal of the default. The plaintiff should not, of course, be prejudiced by the delay for which he is in no way responsible and he should be permitted to present by way of affidavit facts indicating that his rights may have been or will be adversely affected by the passage of time since the entry of judgment.

In directing reargument we are prompted by a reluctance to lend the aid of the judicial process to the enforcement of a possibly unjust judgment, as well as by our now established practice under which in appropriate circumstances we apply the new rules even to a review of decisions made in the superior court prior to their effective date. *Bragg* v. *Warwick Shoppers World*, 102 R. I., 8, 227 A.2d 582;

*Milliken* v. *Milliken,* 101 R. I. 572, 225 A.2d 661; *Legare* v. *Urso,* 100 R. I. 391, 216 A.2d 506.

The procedure we here adopt should not be deemed as implying that we will in other situations order reargument on the prospective effect of statutory amendments or rule changes.

The case is ordered to be reargued on the issues suggested in this opinion. The times for the filing of briefs and the arguments shall be controlled by our rule 15 and the times stipulated therein shall run from the date of the filing of this opinion. The plaintiff, if he so elects, shall submit affidavits as to possible prejudice at the same time that he files his brief and the defendant may within five days thereafter submit counter affidavits.

*John S. Brunero,* for plaintiff.

*Harry F. McKanna,* Jr., for defendant.