235 A.2d 669.

JAMES H. METCALF *et al. vs.* NICHOLAS R. CERIO, JR.

NOVEMBER 30, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J.   This is an appeal from a superior court judgment resulting from the setting aside of two default judgments in a civil action for negligence.

It appears from the record before us that on March 20, 1966, James H. Metcalf was the operator of a motor vehicle in which his minor son was a passenger when said motor vehicle was involved in a collision with one operated by defendant.   The collision occurred at the intersection of two highways in the city of Cranston, resulting in property damage to plaintiff's motor vehicle and personal injuries to both father and son.

A civil action to recover damages to property and for personal injuries was commenced by the Metcalfs on May 5, 1966, by delivering a complaint and a summons to the

sheriff in accordance with the provisions of rule 3 of the superior court rules of civil procedure, which became effective January 10, 1966. The deputy sheriff's return indicates service was duly made May 6, 1966, and the complaint and summons were filed with the clerk of the superior court on May 13, 1966.

The defendant not having pleaded nor otherwise defended within twenty days of having been served, as required by rule 12 (a) of said superior court rules, plaintiffs on September 28, 1966, filed an application and supporting affidavit for entry or default. It was duly entered and plaintiffs on the same day filed a motion for entry of judgments.

Thereafter, on October 5, 1966, a hearing was held on said motion before a superior court justice and, the issues being resolved, a default judgment of $350 plus interest and costs was ordered entered for each plaintiff, as authorized by rule 55 (b) (2).

Invoking the authority of the superior court as set forth in rule 55 (c), defendant on November 17, 1966, filed a motion to set aside the default judgments in accordance with the provisions of rule 60 (b).

The motion recited that at the time of service defendant was not living at the address where service had been made, it being the residence of his father and mother. It further recited that before entry of the default judgments, defendant had no knowledge that plaintiffs had commenced litigation and, despite diligent inquiry, he had been unable to ascertain that copies of the complaint and summons had been left by the deputy sheriff at the home of his parents. No affidavit setting forth the circumstances on which relief was sought, nor of a meritorious defense, accompanied defendant's motion.

Pursuant to the notice contained in said motion, it came on to be heard before a superior court justice on December 1, 1966. He, noting defendant's failure to accompany his

motion with an affidavit, continued the hearing for one week in order to afford defendant an opportunity to supplement the record with an affidavit as aforesaid.

In the superior court, plaintiffs objected to the one-week continuance, but they did not press that objection on this appeal. We deem it advisable to note in passing that, at least in the absence of some compelling circumstances of which there is none here, the action of the superior court justice in continuing the hearing for the purpose of affording defendant an opportunity to furnish the supporting affidavit would not constitute an abuse of his inherent power to regulate procedure in the interest of justice.

Within the time prescribed, defendant supplemented his motion with an affidavit which restated that by reason of his nonresidence at the home of his parents where service was made, he had no knowledge that plaintiffs had commenced action against him until the default judgments were entered. It concluded with the following, "That the above action is the result of an intersection automobile accident which occurred on March 20, 1966, in the City of Cranston, which resulted in personal injuries, damage to my automobile and loss of wages, all of which are part of a claim filed and pending against the plaintiff through his insurance carrier. That I have a defense and a counterclaim to this action. I can swear to the above facts of my own knowledge."

On December 8, 1966, the parties were heard on defendant's motion and affidavit, and the superior court justice entered an order setting aside the default judgments as prayed.

The transcript of the December 1, 1966 hearing, which as heretofore related was continued one week, discloses that defendant failed to furnish affidavits because it was counsel's impression that under rule 60 (b) of the new rules of civil procedure no reference was made to such affidavit and that consequently none was required. Rejecting this con-

tention, the superior court justice, in effect, correctly pointed out that rule 60 (b), albeit somewhat more liberal in scope, required the court in action thereon to exercise the same judicial discretion as was required when relief had been sought under G. L. 1956, §9-21-2, which latter provision rule 60 (b) amends.

In passing on a petition to set aside a default judgment in the superior court as authorized by G. L. 1909, chap. 294, sec. 2, forerunner of G. L. 1956, §9-21-2, this court, speaking of the requirements of that statute in *Milbury Atlantic Mfg. Co.* v. *Rocky Point Amusement Co.*, 44 R. I. 458, 460, 118 Atl. 737, 738 (1922), stated: "We have always regarded the statement of defence as an appropriate, if not necessary, allegation of a petition for relief. We would not prescribe the form of petition to be entertained in the Superior Court. We think, however, as has been the practice here, that before relief is granted by that court it should be made to appear that the petitioner has a defence which is *prima facie* meritorious, and which in good faith he desires to present at the trial if one be granted to him." Furthermore, the requirements that prevailed in this jurisdiction under pre-existing statutes and that we now hold applicable to said rule 60 (b) of the superior court are substantially the same as those established under federal rule 60, after which the Rhode Island rules were patterned. See 3 Barron & Holtzoff, §§1217 and 1323, and cases cited therein.

Rule 60 (b) in pertinent part provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * * (4) the judgment is void * * *."

Apparently at the time of the December 1, 1966 hearing on defendant's motion, the superior court justice assumed that by virtue of the allegations relative to service at the wrong address, defendant was seeking relief on the ground

that the defaulted judgments were void. However, when the hearing was resumed the following week, defendant made it clear that he was not questioning the validity of the service; rather, as explained by counsel, defendant, who maintained his own residence, was temporarily residing at the home of his parents when the accident occurred, but shortly thereafter had returned to his own address. He recognized that it was understandable that the deputy sheriff would be directed to his parents' address, but contended that under the circumstances defendant's failure to learn that plaintiffs had commenced action constituted excusable neglect within the meaning of the first section of rule 60 (b).

The trial justice granted the motion to remove the defaults, and from this judgment plaintiffs seasonably appealed to this court. They vigorously contend, and we think correctly, that defendant's affidavit of a meritorious defense, which he in good faith intended to make if the case were reinstated for trial, is defective in that it does not set forth any facts which if established would constitute a defense to the actions on case for negligence. There is no question that the long and well-established rule in this state precludes a valid exercise of sound judicial discretion absent a showing of circumstances which, if established, would constitute a defense to the action in which a nil dicit judgment had been entered. *Milbury, supra.* There is no significant difference betwen the rule as thus stated and that applicable in the federal courts. *A. C. Samford, Inc.* v. *United States,* 226 F. Supp. 72 (1963); *Necchi Sewing Mach. Sales Corp.* v. *Sewline Co.,* 194 F. Supp. 602 (1960); *Trueblood* v. *Grayson Shops,* 32 F. R. D. 190 (1963). In the last cited case the court, at page 196, commented:

> "In the case at bar the only showing of a meritorious defense emanates from (1) a statement by Byrne, the local claims representative for Hartford, to the effect that the nature of the claim suggests a defense, and

(2) the statement of defendant's attorney in oral argument that the case was not one of liability."

In the case at bar, defendant's affidavit, coupled with statements made by his counsel, of which counsel had personal knowledge, see *McLeod* v. *Fleetwood Motor Sales Inc.*, 83 R. I. 447, 118 A.2d 921 (1955), establish only that the accident occurred at an intersection and that defendant had been corresponding with plaintiff's insurer in the conviction that plaintiff rather than defendant was at fault. The fact that an accident occurred at an intersection in and of itself sheds no light on the question of defendant's due care or plaintiff's lack thereof. Similarly, defendant's opinion that the accident was solely attributable to plaintiff's negligence, as evidenced by the claim made on the latter's insurer, is a conclusion barren of probative facts to support it.

Having thus determined that the defendant failed by affidavit or its equivalent to meet the burden inherent in his motion on the question of a meritorious defense, we do not reach, hence do not consider, the question relative to his "excusable neglect."

The plaintiffs' appeal is sustained, the judgments vacated are reinstated, and the case is remitted to the superior court for further proceedings.

*F. Albert Starr,* for plaintiffs.

*Pat Nero,* for defendant.