Albert COURNOYER et al.,

v.

James H. DOORLEY, Jr., et al.

No. 96–44–Appeal.

Supreme Court of Rhode Island.

July 3, 1997.

James Cardono, Pawtucket, for Plaintiff.

Charles J. Rogers, Jr., Providence, for Defendant.

Before WEISBERGER, C.J., and FLANDERS, GOLDBERG, JJ.

## OPINION

PER CURIAM.

This matter came before a panel of this court pursuant to an order requiring the defendants to show cause why the appeal should not be summarily decided. Upon review and consideration of the parties' memoranda and arguments, we believe that cause has not been shown and that the appeal can be decided at this time.

The defendants, James H. Doorley, Jr. (Doorley) and Mary J. Doorley, appeal from a Superior Court order denying their motion to vacate a default judgment in favor of plaintiffs, Albert Cournoyer, Armand Cournoyer, Theresa Blunt, Cecile Gerber, and Marieanne Blanchard, who are the brothers and sisters of the late Arthur J. Cournoyer (the decedent). The plaintiffs filed a complaint against defendants on September 21, 1992, alleging that Doorley improperly obtained title to real estate owned by the decedent. The plaintiffs requested, inter alia, that the deed to the property be declared

void and that Doorley be required to account for all personal property in his possession that had belonged to the decedent.

The defendants, through their attorney, filed a timely answer to plaintiffs' complaint. The plaintiffs served interrogatories upon defendants in April 1994 and received no answers. In May 1994 plaintiffs moved to compel defendants to answer the interrogatories, and later they filed a motion to default defendants for their failure to have done so. A Superior Court justice entered a conditional order granting plaintiffs' default motion if the interrogatories were not answered within thirty days. The defendants failed to file any response to this order or to the interrogatories within the allotted time, and a final judgment entered on September 6, 1994, declaring that the deed conveyed to defendants by the decedent is null and void and that defendants have no right to ownership of the real estate described in the deed.

The defendants then filed a motion to vacate the default judgment, alleging that the judgment had been entered because of a mistake and excusable neglect and that counsel for defendants "never received any notice of any proceeding in this matter." Appended to the motion was an affidavit executed by defense counsel, asserting that he "was not scheduled to become involved in this case, but filed an Answer due to a shortage of time to do so." The affidavit also stated that defendants' counsel had never received, inter alia, a copy of the interrogatories, the motion to compel answers to interrogatories, and the motion for entry of default. Defense counsel also claimed that he had never received a copy of the final judgment and that he had never received even a telephone call from plaintiffs' counsel during the period when these motions and other court documents were filed.

The plaintiffs' counsel also submitted an affidavit contending that the interrogatories, motions, and order had all been duly mailed to defense counsel. He added that he had personally called defense counsel's office on several occasions and had visited the office in person twice but "there was no response." Other persons employed at the office of plaintiffs' counsel also submitted affidavits in opposition to defendants' motion to vacate. They asserted that they had mailed the interrogatories, motions, and order to defendants' lawyer at his usual professional address—an address that had not changed during the pendency of these proceedings.

On appeal defendants argue that their counsel never received the materials plaintiffs allege they sent. Because there was no evidence that these documents had been sent by certified or registered mail, defendants contend, the motion justice should have balanced the equities and vacated the judgment. In addition defendants assert that the filing of an answer indicates that they have a meritorious defense to the complaint.

It is well settled that motions to vacate a judgment are addressed to the sound discretion of the motion justice and that the motion justice's decision will not be disturbed on appeal unless an abuse of discretion or error of law is shown. *E.g., Pion v. Tague*, 677 A.2d 412, 414 (R.I.1996); *Forcier v. Forcier*, 558 A.2d 212, 214 (R.I.1989). In the present case, defendants invoked the doctrine of excusable neglect in support of their motion to vacate the default judgment. "The existence of excusable neglect is a question of fact and must be established by evidence." *Graham Architectural Products Corp. v. M & J Construction Co.*, 492 A.2d 150, 151 (R.I.1985). The defendants here presented no evidence of excusable neglect beyond their counsel's assertion that he did not receive any of the numerous documents that were sent to him by plaintiffs. The defendants point to no rule or statute requiring the documents in question to have been served by registered or certified mail. None exists. According to plaintiffs' affidavits and to the certification on the documents themselves, these materials were all mailed to the correct person at the correct address, and defendants offered no explanation for the alleged failure of their attorney to receive them. Given these circumstances, the motion justice did not abuse her discretion in finding that defendants had failed to carry their burden of showing excusable neglect.

We conclude that the motion justice was also correct in finding that the defendants failed to establish a meritorious de-

fense to the action. The mere assertion in an affidavit that a defense exists to the plaintiffs' claim, without supporting facts, is insufficient to meet the defendants' burden of showing a meritorious defense on a motion to vacate a default judgment. *Metcalf v. Cerio,* 103 R.I. 157, 160–63, 235 A.2d 669, 671–72 (1967). The defendants rely upon the filing of an answer as proof of their defense to this action. The answer filed, however, recites only blanket denials of the plaintiffs' allegations and contains no factual support for defendants' claim that a meritorious defense exists to this complaint. This response was insufficient, and the motion justice correctly denied the motion to vacate.

For these reasons we deny and dismiss the defendants' appeal, affirm the order entered below, and remand the papers in the case to the Superior Court.

LEDERBERG and BOURCIER, JJ., did not participate.