**In re MARKESE T. et al.**

**No. 97–88–Appeal.**

Supreme Court of Rhode Island.

Oct. 29, 1997.

Frank P. Iacono, Thomas J. Corrigan, Jr., Providence.

Paula Rosin, Catherine A. Gibran, Providence.

**ORDER**

This matter came before the Supreme Court on October 6, 1997, pursuant to an order directing both parties to show cause why the issues raised in this appeal should not be summarily decided. The appellant, Michael Carpenter (Carpenter), appeals from the denial of his motion to vacate a Family Court decree, entered pursuant to a finding of default, terminating his parental rights.

After hearing the arguments of counsel for the parties and after reviewing the memoranda of the parties, we are of the opinion that cause has not been shown and the appeal will be decided at this time.

Appellant Carpenter is the father of three children, Michael, Markese, and Myquan. The two older children have been in the care and custody of the Department of Children, Youths and Families (the department) since 1992; Myquan was born in 1993 and came into the department's custody soon after birth. On March 22, 1996, Carpenter was scheduled to appear before a justice of the Family Court for a scheduled hearing on the department's petition to terminate his parental rights with respect to all three children. Carpenter, however, failed to appear in court that morning. The court then made several attempts to reach Carpenter before proceeding with the hearing. All attempts were unsuccessful, however, and a default judgment entered against Carpenter. The hearing commenced and a casework supervisor from the department testified to facts in support of the termination petition. The trial justice found that the department had proven its case by clear and convincing evi-

dence and consequently granted the termination petition.

Carpenter then filed a motion to vacate the default judgment pursuant to Rule 60(b) of the Rules of Procedure for Domestic Relations alleging that he did appear at the March 22, 1996 hearing, albeit two hours late. A hearing on the motion to vacate was conducted on April 9, 1996 at which Carpenter appeared and testified that he was at work the morning of the termination hearing but did show up for court at approximately 11:15 A.M. Carpenter stated that he had spoken with the department casework supervisor a week before the hearing and had informed him that he would be "a little late" for court because he planned to go to work for a while that day. Carpenter asserted that he was unable to secure any additional time off from work because he had expended all of his allotted time visiting with his children. Upon further questioning, Carpenter stated that he knew that court started at 9:00 AM and also knew that he was represented by an attorney from the Public Defender's Office. He stated that he asked the department caseworker supervisor to inform his attorney about the anticipated tardiness.

In denying Carpenter's motion to vacate the default judgment, the trial justice stated that she could not figure out why "[the department] is responsible for allegedly passing messages to someone's attorney." The trial justice further stated that she was not persuaded that Carpenter truly wanted to parent the children. She determined that he wanted to see them but he did not want to support them or take any responsibility for them. As a result, the trial justice denied the motion to vacate the default judgment. From this judgment Carpenter appealed.

On appeal Carpenter argues that the motion to vacate should have been granted pursuant to Rule 60(b)(1) of the Rules of Procedure for Domestic Relations for "mistake, inadvertence, surprise, or excusable neglect" because the misunderstanding regarding his expected tardiness constitutes excusable neglect. Carpenter asserts that the excusable neglect required to set aside a default judgment in Family Court is less stringent than that which is needed to set aside other types of default judgments. In the alternative, Carpenter argues that the motion to vacate should have been granted pursuant to Rule 60(b)(6) for "any other reason justifying relief" because the Family Court justice abused her discretion in refusing to set aside the default judgment. We respectfully disagree.

A motion to modify a court order made pursuant to Rule 60(b) of the Rules of Procedure for Domestic Relations lies within the sound discretion of the trial justice and his or her ruling will not be disturbed on appeal absent a showing of abuse of discretion or error of law. *See Pari v. Pari*, 558 A.2d 632, 634 (R.I.1989). In the instant matter, Carpenter offered no explanation as to why he did not inform his attorney that he intended to be late nor did he explain why he relied on the caseworker to do this for him. Carpenter's only excuse for not appearing when required was that he decided to go to work and put in a little time before coming to court because he did not have any additional "time-off." Notwithstanding the more relaxed standard applicable in termination proceedings, this unexplained neglect is insufficient to warrant the vacating of a default judgment in Family Court. *See Pari*, 558 A.2d at 635. Therefore, the denial of the motion to vacate the default judgment by the trial justice was within her discretion.

Carpenter's second argument, in which he suggests the default judgment should have been vacated pursuant to Rule 60(b)(6), is also without merit. Rule 60(b)(6) of the Rules of Procedure for Domestic Relations permits a trial justice to grant relief from a judgment for "any other reason justifying relief." Carpenter offers no independent explanation for this claim except to state that his failure to appear in court was justified and the trial justice's annoyance at his tardiness was an abuse of discretion. In construing Rule 60(b)(6) of the Superior Court Rules of Civil Procedure, which contains similar language to that of its counterpart in the Rules of Procedure for Domestic Relations, this court has stated that the provision is available only in unique circumstances to prevent manifest injustice. *Vitale v. Elliott*, 120 R.I. 328, 332, 387 A.2d 1379, 1382 (1978). After a review of the record,

there does not appear to be anything unique about this case. Although Carpenter maintained that he wanted to visit with his children, there was nothing in the record to indicate that he wanted to support them or assume any parental responsibility. Based upon the evidence available to the trial justice, termination of Carpenter's parental rights by default judgment does not constitute manifest injustice.

Lastly, it must also be noted that Carpenter failed to assert a meritorious defense to the termination petition or as a basis for his motion to vacate the default judgment. The mere assertion in an affidavit that a defense exists to the plaintiff's claim, without supporting facts, is insufficient to meet defendant's burden of showing a meritorious defense on a motion to vacate a default judgment. *Cournoyer v. Doorley*, 697 A.2d 332, 334 (R.I.1997) (citing *Metcalf v. Cerio*, 103 R.I. 157, 160–63, 235 A.2d 669, 671–72 (1967)).

Consequently the appeal is denied and dismissed, and the judgment appealed from is affirmed. The papers in the case may be returned to the Family Court.