DECISION
Before this Court is Laurie Mullen's (plaintiff) motion for review of a remanded agency decision from the Department of Human Services (DHS) discontinuing plaintiffs eligibility for Aid to Families of Dependent Children (AFDC) benefits.
 Facts/Travel
This matter was originally before this Court in November 12, 1996 on an administrative appeal after a final decision dated March 15, 1996 denying the plaintiff continued AFDC payments. The plaintiff appealed that decision to this Court arguing that she had retained custodial, legal and financial responsibility for her children during their absence when they were removed from the home by DCYF. DHS averred that the children's removal from the home by DCYF following a car accident and charge of refusal to submit to a breathalyzer against the mother did not constitute a "temporary absence" such that benefits should have been maintained.
After a thorough review of the relevant evidence and regulations, and after consideration of counsels' arguments, this Court rendered a decision on November 12, 1996 noting that the proper procedure for consideration of the plaintiff's complaint and circumstances was not followed. See Decision, November 12, 1996. Specifically, this Court held that in light of the governing guidelines prescribed by DHS, the plaintiff's matter should have been referred to a regional manager for review Id. at 8. On that basis, this Court remanded the case back to DHS with directions to consider the plaintiff's complaint in light of the governing regulations. This Court further retained jurisdiction in the event the plaintiff wished to appeal the subsequent decision Id. at 9.
In a letter dated April 18, 1997, Robert Moskol, Regional Manager at DHS issued a brief decision denying plaintiffs eligibility.[1] Consent Order of July 11, 1997, Exhibit A. On June 12, 1997 the plaintiff through counsel filed a motion for review of the remanded agency decision alleging that the decision failed to provide an adequate basis for the denial of eligibilityId., Exhibit B. Specifically, the plaintiff argued that it is impossible to determine the basis for the regional manager's remand decision as it contains no analysis to support the denial of eligibility. Moreover, the plaintiff argues that since the decision contained no notice of a right to appeal, the decision must be regarded as a final order. The plaintiff contends that if the letter was in fact a final order, G.L. § 42-35-9 requires that the decision must include findings of fact and conclusions of law. The plaintiff adds that the decision reflects an attitude of recalcitrance such that further remand would be "pointless."
On June 26, 1997, DHS issued an expanded decision from Robert Moskol that set forth specific factual support and reasoning for DHS's decision denying eligibility. Id., Exhibit C. Shortly thereafter, DHS also submitted an objection to the motion for review of the remanded agency decision Id., Exhibit D. The plaintiff then filed a supplemental memorandum including an objection to the consideration and review of the expanded decision. Id., Exhibit E.
 Jurisdiction
The review of a decision of the Department of Human Services by this Court is controlled by G.L. § 42-35-15 which provides for judicial review of a contested agency decision after a person has exhausted all administrative remedies and followed the prescribed procedure for review before this Court. Specifically, section (b) states that "[p]roceedings for review are instituted by filing a complaint in the superior Court . . . within thirty(30) days after mailing notice of the final decision of the agency." [Emphasis added].
`Giving notice' as opposed to `mailing notice' in the context of a insurance cancellation has been defined as requiring actual receipt of notice, which is presumed by proof of an ordinary mailing. Larocque v. R.I. Joint Reinsurance Assn., 536 A.2d 529, 532 (R.I. 1988). Mailing notice is a lesser standard which creates the presumption of receipt. Id. The presumption is rebuttable and the question of the credibility of the rebutting testimony is for the trier of fact to decide. Id.
In the present matter, the record reveals that the first decision issued by DHS was executed on April 18, 1997. There being no evidence of a date of mailing through a certified receipt or envelope, the Court must assume that the decision was mailed on that date or shortly thereafter. Consequently, the 30 day period for appeal would expire on or about May 18, 1997. However, a motion for review of the remanded decision was not filed with thus court until June 12, 1997.
Plaintiff's counsel claims in his memorandum that a copy was "not provided" to him until May 15. Despite this assertion, there is no evidence in support of that contention regarding a late mailing or late receipt as indicated by a proof of mailing, an affidavit or otherwise, and no mention of when the decision was actually received by the plaintiff herself.[2] See, Senn v.MacDougall, 639 A.2d 495 (R.I. 1994) (mere allegations or denials in the pleadings, legal conclusions or legal opinions, are insufficient to prove the existence of a material fact); Grissomv. Pawtucket Trust Co., 559 A.2d 1065 (R.I. 1989) (holding that a party cannot rest on the allegations in a pleading to establish an issue of material fact). The record indicates that the decision was mailed to the correct person, and there have been no claims that the decision was not mailed to the proper address.See Cournover v. Doorley, 697 A.2d 332 (R.I. 1997). Moreover, the plaintiff has offered no explanation for the alleged failure of her attorney to receive the decision. As a result, this Court finds that the plaintiff's motion for review of the remanded decision is untimely and is insufficient to invoke the jurisdiction of this Court.
Even assuming the court were able to review this matter notwithstanding the plaintiff s untimely appeal, the record reveals that the regional manager's denial of the continuing benefits was supported by competent evidence. There is no evidence that the decision was made upon unlawful procedure, clearly erroneous, arbitrary or capricious, or affected by other error of law such that substantial rights of the plaintiff have been prejudiced. G.L. § 42-35-15(g).
Considered in light of the eligibility requirements[3] set forth in this Court's earlier decision, this Court has reviewed the administrative record including the transcript of the administrative hearing on November 22, 1994, letters and documents from various treatment centers, and the decision of the hearing officer on March 15, 1995, and finds that the decision by the regional manager was supported by competent evidence.
Specifically, the record reveals that the children were removed from the home by DCYF with no definitive reunification date.[4] Moreover, reunification was contingent upon the mother's successful completion of several treatment and assistance programs. See Family Court Decree, 90-1551-01, 02, 03 (noting that DCYF retained the discretion to remove the children). Additionally, the plaintiff was no longer providing shelter or food for the children as they were placed in the care of foster parents through DCYF.
Notwithstanding the terse nature of the original decision issued by DHS, this Court agrees with the plaintiff that it would be a waste of judicial economy to remand the matter once again for an expanded analysis when one was provided to the Court and to the plaintiff on June 26, 1997.
Based on the foregoing reasoning, the plaintiff's motion is denied.
[1] The decision read: "Your case was forwarded to me for review as indicated by policy. It is my opinion, based upon the facts of the case, there is no allowable temporary absence as indicated in DHS Manual Policy 0206.20.05 and 0206.20.10.
Therefore, eligibility is denied for the period in question."
[2] Decision from DHS Regional manager was addressed to the plaintiff Laurie Mullen at her address in Peacedale, Rhode Island.
[3] Section 0206.20.10 entitled `Separation as to Bar to Eligibility' sets forth the several factors employed to determine eligibility:
"— [t]he extent to which the parent retains custodial, legal, and/or financial responsibility for the child;
— the degree to which the parent's functioning as a provider of maintenance, physical care, or guidance is interrupted or terminated;
— whether the municipality in which the parent resides pays tuition to the municipality where the child attends school if the separation results from the child's attendance away at school; and
— frequency of contact between parent and child."
[4] Transcript in the Hearing of Laurie Mullen, page 5: In response to a scheduled court date for review of the matter, Chuck Rosenblum, (Eligibility Supervisor, North Kingstown Department of Human Services) asked "And you have definite knowledge that the judge is going to return the children?" Neena Savage, (counsel for the plaintiff) responded "Well, we cannot have definite knowledge or proof until the hearing actually occurs."