Gertrude HOLDGATE

v.

Ronald ACTON and Acton Development and Communications, Inc.

Brian Holdgate et al.

v.

Ronald Acton and Acton Development and Communications, Inc.

Sandra Lundin et al.

v.

Ronald Acton and Acton Development and Communications, Inc.

Christine O'Dowd et al.

v.

Ronald Acton.

Nos. 99–186–A, 99–421–A.

Supreme Court of Rhode Island.

Oct. 12, 2000.

ORDER

The defendants, Ronald Acton and Acton Development and Communications, Inc., appeal from the denial of their motions to vacate default judgments in these consolidated appeals. These appeals involve four separate suits, three of which were consolidated in the Superior Court. In all four cases, various plaintiffs alleged that Ronald Acton (hereinafter "Acton") had borrowed money from them, in amounts ranging from $5,000 to $95,000, and had agreed to repay the loans with interest, but had failed to do so. Acton failed to answer or otherwise respond in every case. After defaults and default judgments were entered, Acton moved to vacate the judgments. He asserted that his failure to answer should be excused because he had been unaware of his "good faith defense of usury" regarding the loans.

The hearing justice accepted, for purposes of argument, that the interest rates on the loans were usurious. However, he determined that the defense of usury is an affirmative defense that can be waived. Noting that Acton had been a licensed attorney in Rhode Island for many years, the judge concluded that he had waived the defense of usury by failing to answer. Therefore, he denied Acton's motion to vacate the default judgments.

On appeal, Acton contends that the actual rate of interest for most of the loans was approximately eighty-four percent, clearly usurious under state law. Therefore, the loan agreements themselves must be considered void, he claims, and the hearing justice abused his discretion in not vacating the default judgments.

"An individual seeking relief from a default judgment on the basis of accident, mistake, unforeseen cause or excusable neglect has a twofold burden. He must convince the trial justice of the adequacy of the reason given for his failure to respond to the court's process and he must state a defense which is prima facie meritorious." *David–Hodosh Co. v. Santopadre,* 112 R.I. 567, 569, 313 A.2d 378, 379 (1974) (citing *Metcalf v. Cerio,* 103 R.I. 157, 235 A.2d 669 (1967); *King v. Brown,* 102 R.I. 42, 227 A.2d 589 (1967)). Even if we assume *arguendo,* as the hearing justice did, that Acton's defense of usury was meritorious, his appeal nevertheless founders on the reason given for his failure to answer or respond. Acton's only explanation was that he was unaware of the availability of the defense of usury. However, as the hearing justice pointed out, Acton was an experienced, educated defendant who had

been a practicing attorney. Excusable neglect has been defined as "generally that course of conduct which a reasonably prudent person would take under similar circumstances." *Pari v. Pari*, 558 A.2d 632, 635 (R.I.1989) (citing *Clergy and Laity Concerned v. Chicago Board of Education*, 586 F.Supp. 1408, 1410 (N.D.Ill.1984)). We concur with the hearing justice that a reasonable person in Acton's circumstances, that is, a former practicing lawyer faced with numerous lawsuits filed against him, would have answered the complaints and researched the relevant case law to prepare an affirmative defense.

We have previously indicated that the defense of usury may be waived in appropriate circumstances. *See DeFusco v. Giorgio*, 440 A.2d 727 (R.I.1982). In *DeFusco*, defendants who had failed to make payments in accordance with a consent judgment later argued that the consent judgment was void because it was predicated on an usurious loan. This Court refused to "declare that, as a matter of law, a litigant may never waive the defense of usury." *Id.* at 731. "We decline[d] to adopt such a sweeping rule." *Id.*

We conclude that the hearing justice acted within his discretion in refusing to vacate the default judgments in these cases. Accordingly, the appeals are denied and dismissed, and the judgments appealed from are affirmed.